**Jesse Lee WOOD, Appellant,**

v.

**STATE OF SOUTH CAROLINA et al.,**
**Appellees.**

No. 72–1336.

United States Court of Appeals,
Fourth Circuit.

Argued April 2, 1973.

Decided July 13, 1973.

**150**

objective factors establishing disproportionality in violation of the eighth amendment. *See* Hart v. Coiner, 483 F. 2d 136 (4th Cir. 1973), decided today.

The decision of the district court will therefore be

Affirmed.

———◆———

Ann Beddingfield, Third Year Student (Barry Nakell, Chapel Hill, N. C., [Court-appointed counsel] on brief) for appellant.

Emmet H. Clair, Asst. Atty. Gen., of S. C. (Daniel R. McLeod, Atty. Gen. of S. C., and Robert M. Ariail, Asst. Atty. Gen., of S. C., on brief) for appellees.

Before BOREMAN, Senior Circuit Judge, and CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Appellant Wood was sentenced by a South Carolina state court to concurrent terms of five years' imprisonment on his pleas of guilty to two counts of making obscene telephone calls in violation of S.C.Code Ann. § 16–552.1 (Supp. 1971).

The only issue presented us on this appeal from the district court's denial of habeas corpus relief is whether the sentences imposed upon Wood are so excessive and disproportionate as to constitute cruel and unusual punishment prohibited by the eighth amendment.

The sentences given Wood were within the rather startling ten-year maximum allowed by South Carolina law. S.C.Code Ann. § 17–552 (Supp. 1971);[1] State v. Hill, 254 S.C. 321, 175 S.E.2d 227, 232 (1970). The sentencing judge was doubtless influenced, and properly so, by Wood's prior criminal record.[2]

Whatever may be our subjective view of the matter, we fail to discern here

---

1. Until amended in 1967, maximum incarceration was six months. S.C.Code Ann. § 16–552.1 (1962).

2. Wood was serving a sentence for burglary at the time he placed the calls. His prior record included convictions for larceny and automobile theft.