STATE of Iowa, Appellee,

v.

Ardie George DRAKE, Jr., Appellant.

No. 55879.

Supreme Court of Iowa.

June 26, 1974.

R. Bruce Haupert, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., and David M. Dryer, Asst. Atty. Gen., Carl J. Goetz, Jr., County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and HARRIS, JJ.

LeGRAND, Justice.

Defendant was convicted of statutory rape committed against Patricia Ann Trei-

ber under that provision of § 698.1, The Code, which makes it a crime for a male over the age of 25 years to "carnally know and abuse" a female under the age of 17 years. At the time of the offense charged, he was 29 years of age and the prosecutrix was 16. Defendant appeals from judgment sentencing him to serve a term of 20 years in the penitentiary at Fort Madison. We affirm the trial court.

Defendant's appeal raises the following issues: (1) Error in allowing evidence concerning force and violence exerted upon both prosecutrix and her companion, Sue Reed, at the time of the alleged offense; (2) failure to instruct the jury on the included offense of contributing to the delinquency of a minor; and (3) failure to sustain defendant's motions in arrest of judgment and for a new trial on the ground that § 698.1, The Code, is unconstitutional.

I. We consider first the evidentiary question raised by defendant's complaint testimony concerning force and violence should have been excluded and that its admission was prejudicial to him.

When trial began, defendant stood charged with two counts of rape. One alleged the offense was committed by force and against Miss Treiber's will. The other asserted simply that the 29-year-old defendant had sexual intercourse with the 16-year-old prosecutrix. The statute makes this a crime regardless of consent. During trial, the forcible rape count was dismissed, and the cause proceeded only on the claim defendant was guilty of statutory rape.

Both prior and subsequent to the dismissal of the forcible rape charge, evidence was received concerning the use of force and violence by defendant at the time of the alleged offense. We relate enough of this evidence to show its nature and the basis of the objection made. In doing so we point out much of the most damaging evidence went in without objection, al-

though we do not resolve the problem on that basis.

Prosecutrix and a friend, Sue Reed, met defendant and another man, Mike Mc-Laughlin, in an Iowa City tavern late on the evening preceding the crime. At approximately 2:00 A.M., after considerable drinking, the four set out for West Branch in defendant's Volkswagen to visit a friend there. Upon arrival they found his residence dark and decided not to disturb him. They then started back for Iowa City. En route, defendant ordered McLaughlin out of the car, menacing him with a gun which he had previously displayed to the girls while in the tavern. After McLaughlin left, defendant ordered both girls to disrobe, at the same time brandishing the gun and threatening them with physical harm if they refused. He then assaulted Miss Reed. Having accomplished this task, he ordered the girls to dress and resumed the trip toward Iowa City. Soon, however, he ordered prosecutrix to undress again and had sexual intercourse with her.

After the assault upon prosecutrix, defendant ordered both girls from the car, again threatening them with harm if they reported the events of the night. They hitchhiked home and promptly sought help from the Iowa City police.

We have abbreviated the testimony since our only purpose in detailing it at all is for consideration of defendant's objection that it was irrelevant, inflammatory and prejudicial. We do not agree.

■ It is true, as defendant points out, that force and violence are immaterial in proving statutory rape. The only elements of that crime are the age of the defendant, the age of the prosecutrix, and the act of sexual intercourse.

■ Nevertheless, the circumstances surrounding the commission of a crime may ordinarily be shown, even if such evidence would otherwise be inadmissible. We recently reiterated this principle in

State v. Lyons, 210 N.W.2d 543, 546 (Iowa 1973), where we quoted this approvingly from State v. Holoubek, 246 Iowa 109, 113, 66 N.W.2d 861, 863 (1954):

> "The rule in such cases appears to be that where the acts are all so closely related in point of time and place, and so intimately associated with each other that they form a continuous transaction, the whole transaction may be shown, * * *."

The state is always entitled to show what actually happened at the time of the offense. The fact that this may necessarily include recitation of the commission of another crime or other unfavorable circumstances does not render such evidence inadmissible. There was no error in the trial court's ruling.

■ Perhaps the most serious matter presented by this evidentiary question is the testimony relating to the assault on Sue Reed. Of course, this constituted another crime and would ordinarily be inadmissible against defendant on a charge of raping the prosecutrix. However, here that act was so clearly associated with the attack on prosecutrix and so closely related to it that the trial court properly received the evidence under the rule of State v. Lyons, supra, and authorities there cited. See also State v. Rounds, 216 Iowa 131, 133, 134, 248 N.W. 500, 502 (1933) and cf. State v. Cunha, 193 N.W.2d 106, 112 (Iowa 1971).

■ II. We need not discuss at length defendant's contention he was entitled to an instruction on the charge of contributing to the delinquency of a minor as an included offense. The fact that defendant's conduct may have permitted prosecution under either of two statutes does not necessarily make one an included offense of the other. We have considered this same contention in two recent cases and decided each contrary to the claim asserted by defendant. State v. Habhab, 209 N.W.

2d 73 (Iowa 1973) and State v. Arioso, 218 N.W.2d 920 (Iowa 1974).

III. The final issue presented by this appeal is the alleged unconstitutionality of § 698.1, The Code. Defendant claims it violates both due process and the equal protection provisions of the 14th Amendment to the Federal Constitution. Again, we disagree.

Although this question does not appear to have been properly preserved, we hesitate to brush it aside on that ground in a case involving such serious consequences for defendant.

Most of the constitutional argument is a plea for legislative action. It discusses the need for changes in our law because it has failed to "keep abreast with changes in our society." It asserts society's more liberal attitude toward sexual activity, its ready acceptance of earlier sexual experience, and the tendency toward reducing the age at which young people shall be considered adults for other purposes all render statutes such as § 698.1 violative of both due process and equal protection.

We find nothing in defendant's impassioned plea to persuade us that § 698.1 should be cast aside as unconstitutional.

The same "sexually oriented society" argument was rejected in State v. Moore, 105 N.J.Super. 567, 253 A.2d 579, 581 (1969), where the court said such changes must be legislative rather than judicial.

The Supreme Court of Missouri faced a similar problem in a juvenile case. In re Interest of J.D.G., a child under 17 years of age, 498 S.W.2d 786 (1973). We quote from page 792 of that opinion:

"Age is a legitimate legislative consideration when the evil sought to be prevented is directly related to knowledge of the consequences of the prohibited act by the party who will be seriously damaged by the act and where, in the very nature of things, one of the participants cannot suffer as serious and substantial adverse consequences as the other.

"The example that obviously comes to mind is that the female can become pregnant but the male cannot. Along with pregnancy comes all of the attendant psychological, medical, sociological, and moral problems, including questions of whether to have an abortion or to bear the child. While other adverse effects on the female could be set forth as well as the problems of the bastard child, it is obvious to all that there are virtually no adverse consequences to the male but the effect upon the female can be disastrous.

"The selection of the female age factor in a statutory rape statute is basically a legislative function. The court holds that the female age factor contained in [the statute] is directly and reasonably related to the evil sought to be prevented and does not violate the Equal Protection Clause of the Missouri or United States Constitutions."

We find that reasoning persuasive here, although we recognize an additional factor not present in the Missouri statute. Our law not only fixes the age of the female victim—more than 16 but less than 17—but also stipulates sexual intercourse with her is a crime only if the male is over the age of 25. Part of defendant's argument is that this unequal treatment of males (those over 25 contrasted with those 25 or under) bears no reasonable relationship to the purpose sought to be accomplished, protection of young females. This same proposition was urged, but not decided, in State v. Wrenn, 194 Iowa 552, 188 N.W. 697 (1922).

We recently had occasion to review the requirements of equal protection in Keasling v. Thompson, 217 N.W.2d 687 (Iowa 1974). There we pointed out some of the principles involved in such a determination and discussed "traditional" equal protection standards and the strict rules which apply

in certain "suspect" classification or "fundamental interest" cases. Whether discrimination based solely on sex is a suspect classification demanding strict judicial scrutiny remains uncertain in view of the fragmented decision in Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L. Ed.2d 583 (1973). See also Cleveland Board of Education v. LaFleur, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52, 68 (Note 2) (1974).

However, as the Missouri Supreme Court pointed out in In re Interest of J.D. G., supra, classifications such as the one in this case cannot be characterized as an arbitrary or invidious discrimination based on sex. Under statutes like § 698.1, sex is the *only* possible classification if the purposes of the statute are to be realized. Once we accept the principle that the purpose of the statute—to protect certain young females from sexual intercourse—is a proper subject of state interest, it inevitably follows that the curbs adopted to accomplish that purpose can only be imposed against males because they are the only persons who may inflict the injury which the law seeks to avoid. This includes, we believe, the right to limit criminal responsibility to men over the age of 25, the group the legislature designated as most likely to cause the harm.

 We hold the legislature could reasonably decide that men beyond a certain age should have sufficient maturity and judgment to be held responsible for conduct which might be excusable in a younger person. Not all will agree this age should be fixed at 25. Sound reasons might be advanced for either side of this argument. However, determining the line which separates what is criminal from what is not lies peculiarly within the sphere of legislative discretion, and we have no right to substitute our judgment for that of the legislature unless we find the classification to be arbitrary, capricious, and without reasonable relationship to the purposes of the statute. As already indicated, we cannot reach such a conclusion here. We hold § 698.1 does not violate either the due process or equal protection clauses of the 14th Amendment. See discussion in Keasling v. Thompson, supra.

Defendant also urges the statute creates a conclusive presumption that a female under the stated age is incapable of consenting to an act of sexual intercourse. He relies on State v. Hansen, 203 N.W.2d 216 (Iowa 1972), in arguing this is impermissible. However, State v. Hansen has no application to these facts. Here we are not dealing with a presumption (or, more correctly, inference) at all. The statute is not concerned with presumptions or inferences. Rather it flatly prohibits the act defendant committed.

IV. Finding no reversible error, we affirm the trial court.

Affirmed.