**UNITED STATES of America, Appellee,**

v.

**Michael CROWE, Appellant.**

No. 74–2119.

United States Court of Appeals, Fourth Circuit.

Submitted Feb. 14, 1975.

Decided June 3, 1975.

Sanford Wachs, Baltimore, Md. (Court-appointed), for appellant.

George Beall, U. S. Atty., and Jeffrey S. White, Asst. U. S. Atty., for appellee.

Before RUSSELL, FIELD and WIDENER, Circuit Judges.

PER CURIAM:

Appellant, Michael E. Crowe, was indicted for breaking and entering of Carrier Facilities and for aiding and abetting, in violation of 18 U.S.C. §§ 2117 and 2. He initially entered a plea of not guilty, but changed his plea to guilty at his re-arraignment on February 22, 1974. The Court found him suitable for sentencing pursuant to the Federal Youth Corrections Act, and committed him to the custody of the Attorney General pursuant to 18 U.S.C. § 5010(b), until discharged as provided in 18 U.S.C. § 5017(c). Appellant subsequently filed a timely notice of appeal, and this appeal follows.

Court-appointed counsel for appellant has submitted a motion for withdrawal of appearance, being of the opinion that the appeal is wholly frivolous and without merit. In accordance with Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, he has submitted a brief setting forth all issues which arguably support the appeal. Copies of the brief were also furnished to appellant, who has failed to raise any additional issues on appeal, and to the United States Attorney, who has filed a motion for summary affirmance.

The questions presented for review on this appeal are (1) whether appellant's guilty plea was knowingly and voluntarily entered, and (2) whether the sentence imposed was proper under the circumstances of the case. We agree with counsel that this appeal is wholly frivolous and without merit.

■ Before accepting appellant's guilty plea, the District Judge conducted a full-scale inquiry pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Judge Blair's inquiry was a model of thoroughness. After ascertaining that appellant was fully in possession of his faculties and capable of understanding the proceedings and that he was completely satisfied with his representation by counsel, the Court fully informed him as to the nature of the charges against him, his constitutional rights and the consequences of a guilty plea, taking great care at every juncture to ensure that appellant understood what he was being told. The Court then inquired as to the terms of the plea bargain, and ascertained that no threats or other promises had been made to appellant and that he realized the Court was not bound by any plea agreements. The Court then requested a proffer of evidence by the government, and questioned appellant as to his participation in the offense charged. In the course of this questioning, the Court ascertained that all elements of the offense charged were satisfied, that appellant's constitutional rights had not been violated in the course of his arrest and interrogation, and that he was pleading guilty because he was in fact guilty. Before accepting the plea, the Court again ascertained that appellant had understood everything that took place in the course of the rearraignment, and that he still wished to plead guilty.

There can be no question but that appellant's guilty plea was knowingly and voluntarily entered, with a full understanding of the nature of the charge and the consequences of the plea. It is quite clear that the plea was accepted only after the Court had fully satisfied itself that it was voluntary and based in fact. In so doing, it provided this Court with a record on which we can say with assurance that appellant's plea was voluntary.

■ As for the validity of the sentence imposed, sentencing is within the sole province and discretion of the trial judge. This Court has no power, absent exceptional circumstances, to review a sentence which is within the limits allowed by statute. United States v. Pruitt (4th Cir. 1965), 341 F.2d 700.

The criminal statute under which appellant was charged, 18 U.S.C. § 2117, provides for punishment by a fine of not more than $5,000 or imprisonment for not more than ten years, or both. The

Federal Youth Corrections Act, 18 U.S.C. § 5017(c), provides for commitment for an indefinite period, with conditional release not more than four years after conviction and unconditional release not more than six years after conviction. Before imposing sentence, the Court carefully considered appellant's pre-sentence and probation reports, and gave both appellant and his attorney an opportunity to be heard. Although appellant did not speak on his own behalf, his attorney delved into his family background, his educational abilities, and his emotional condition, and recommended that treatment and training would be of benefit to appellant. The Court then imposed sentence under the Youth Corrections Act.

This sentence was within the limits allowed by statute, and was well within the sound discretion of the trial judge. Nor do we find any exceptional circumstances warranting a review of the sentence. Appellant cannot object to the government's disclosure that he had telephoned his co-defendant's attorney and offered not to testify against the co-defendant in return for $700 cash. That disclosure was pursuant to a plea bargain in which it was agreed that the government would make no recommendation as to sentence, but would inform the Court of the extent of appellant's cooperation in the prosecution of his co-defendant, and thus was properly before the Court.

On March 3, 1975, on our own motion, we entered an order that the Court desired the appellant to state in person and file with the Court, on or before March 21, 1975, all of the grounds for appeal from his conviction which he wished the Court to consider. This order was transmitted to the appellant. The appellant has not responded.

We find no merit in either of appellant's contentions. Accordingly, the motion for withdrawal of appearance is granted, the motion for summary affirmance is granted, and the judgment of the District Court is

Affirmed.