Arthur A. **HALL,** Jr., Appellant,

v.

Arthur L. **McKENZIE,** Warden of the West Virginia State Penitentiary, Appellee.

No. 75–2250.

United States Court of Appeals, Fourth Circuit.

Argued March 1, 1976.

Decided June 28, 1976.

Frederick T. Kingdon, Mullens, W. Va.
[court-appointed], for appellant.

David P. Cleek, Asst. Atty. Gen. of W.
Va., and Chauncey H. Browning, Jr., Atty.
Gen. of W. Va., Charleston, W. Va., on
brief, for appellee.

Before HAYNSWORTH, Chief Judge,
and WINTER and CRAVEN, Circuit
Judges.

WINTER, Circuit Judge:

Arthur A. Hall, Jr., a male then in his
early twenties who was convicted of the
non-forcible rape of a then thirteen-year-
old female, sought a writ of habeas corpus
on the grounds that the West Virginia stat-
ute under which he was convicted and sen-
tenced to a term of not less than ten nor
more than twenty years violated the eighth
and fourteenth amendments. The district
court denied the writ, holding the statute
constitutionally unobjectionable in its appli-
cation to defendant, and we affirm.

## I.

The statute in question, West Virginia Code § 61–2–15,[1] covers a variety of situations. It renders unlawful:

(a) a male's forcible rape of a female not his wife;

(b) carnal knowledge by a male, over the age of sixteen, of a previously chaste female, not his wife, who is between the ages of ten and sixteen;

(c) carnal knowledge by a male, over the age of sixteen, of a female, not his wife, who is under the age of ten;

(d) carnal knowledge by a female, over the age of sixteen, of a male, not her husband, who is under the age of sixteen.[2]

The statute makes the several crimes which may be committed by males felonies. Each such crime is punishable by life imprisonment unless the jury recommends mercy, in which case the offender is to be imprisoned for an indeterminate term of ten to twenty years. Upon a plea of guilty, the sentencing judge may impose a life sentence or an indeterminate term of ten to twenty years. Carnal knowledge by a female is classified as a misdemeanor punishable by confinement of only two to six months.

## II.

■ Our immediate reaction is that viewed as a whole the statute may be grossly infected with constitutional infirmity. The rationality of some of the variations in the elements necessary to constitute a crime among the various age groups is difficult, if not impossible, to fathom; the justification for uniform severity of sentence of male offenders and the marked disparity of severity of sentence between female and male offenders of the same age, equally so. We would think that revision of the statute—to simplify it, to make apparent the reasons for whatever age classifications may be made, to adjust the range of penalties to fit the several crimes, and to correlate them— would be a fruitful and fit subject for consideration by the West Virginia legislature.

However, the determination of legislative policy for the State of West Virginia is for that state and not us. Our function is limited to a determination of whether a state's legislative policy comports with the federal Constitution in a given case. The facts of this case do not warrant a plenary examination of the validity of the statute by us,[3] and we decide no more than what is necessary for a proper disposition of this case. We are concerned with a conviction

1. The statute reads:

If any male person carnally knows a female person, not his wife, against her will by force, or if any male person over the age of sixteen years carnally knows a female person of previous chaste character, not his wife, under that age, or if any male person over the age of sixteen years carnally knows a female person, not his wife, under the age of ten years, he shall be guilty of a felony, and, upon conviction, shall be punished with confinement in the penitentiary for life, and he, notwithstanding the provisions of article twelve, chapter sixty-two of this Code, shall not be eligible for parole: Provided, that the jury may, in their discretion, recommend mercy, and if such recommendation is added to their verdict, such person shall be punished with confinement in the penitentiary for not less than ten nor more than twenty years: Provided, however, that if the accused pleads guilty, the court may, in its discretion, provide that such person shall be punished with confinement in the penitentiary for not less than ten nor more than twenty years.

This section shall not apply to any male person under sixteen years of age who carnally knows a female over twelve years of age with her free consent. Any female person over the age of sixteen years who shall carnally know any male person, not her husband, under that age shall be guilty of a misdemeanor, and, upon conviction, shall be confined in the county jail not less than two nor more than six months.

2. Although not otherwise rendered criminal, consensual carnal knowledge by a male under sixteen of a female over twelve is expressly made non-criminal by the statute.

3. It is perhaps of interest that we placed this case on the hearing calendar because neither the briefs nor the record, including the opinion of the district court and the report and recommendation of the Magistrate, disclosed the ages of the defendant and the victim. We were thus unable to determine the portion of the West Virginia omnibus statute which required our attention.

falling into category (b)—carnal knowledge by a male, over the age of sixteen, of a previously chaste female, not his wife, who is between the ages of ten and sixteen. Specifically, defendant, who is in his twenties, was found guilty of having non-forcible, non-marital carnal knowledge of a virgin of thirteen.

### III.

■ Relying on *Frontiero v. Richardson*, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973); and *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1973), Hall contends that he has been denied equal protection of the laws because he has been punished more severely than would a woman of his age who has carnal knowledge of a male who was the age of Hall's victim. We think the cases inapposite. They hold that a state may not make distinctions on the basis of sex unless "a difference in the sex [of the disadvantaged person] bears a rational relationship to a state objective that is sought to be advanced by the operation of [the law]." *Reed v. Reed*, 404 U.S. at 76, 92 S.Ct. at 254. Moreover, they dealt with situations in which sex-based distinctions were made in controlling access to the *same* benefit. In accord with them is our decision in *United States v. Maples*, 501 F.2d 985 (4 Cir. 1974), where we held that a difference in sex alone may not be used to justify disparate sentences for the *same* crime committed under the same circumstances.

■ But being the subject of carnal knowledge for a female of thirteen is not the same as being the subject of carnal knowledge for a male of thirteen. For immutable physiological reasons, the possible consequences for the young female are quite different from those for the young male, and the differences provide a persuasive rationale for defining the respective crimes of carnal knowledge of a male and female separately and making different the consequences of conviction. Even if we assume that the potential psychological damage arising from carnal knowledge of a male of thirteen is as great as that arising from carnal knowledge of a female of thirteen, it is obvious that there is a far greater likelihood of physical injury to a sexually immature female of thirteen than to a sexually immature male of thirteen. More important, a possible consequence of carnal knowledge of a thirteen-year-old female may be to cause her to become pregnant—a physiological impossibility for a male. Thus, we think that a rational basis exists not only to treat carnal knowledge of a thirteen-year-old female as a separate, distinct and different crime from carnal knowledge of a thirteen-year-old male, but to prescribe a range of punishment different and more severe for the former than the latter.

### IV.

■ Hall also contends that his ten to twenty-year sentence constitutes cruel and unusual punishment, citing *Hart v. Coiner*, 483 F.2d 136 (4 Cir. 1973), cert. denied, 415 U.S. 938, 94 S.Ct. 1454, 39 L.Ed.2d 495 (1974), and *Ralph v. Warden, Maryland Penitentiary*, 438 F.2d 786 (4 Cir. 1970), cert. denied, 408 U.S. 942, 92 S.Ct. 2846, 2869, 33 L.Ed.2d 766 (1972). *Ralph* has no application to the case at bar; it involved the imposition of the death penalty, which occupies a special place in eighth amendment jurisprudence. *See generally Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1973).

*Hart* involved a mandatory life sentence imposed upon a convicted perjurer under the West Virginia recidivist statute. Focusing upon the relatively trivial nature of the crimes of which the defendant had been convicted and the probability that "as a practical matter" a life sentence would have been imposed in at most three other states in the country, we found that the life sentence was so disproportionate to the gravity of the offense as to constitute cruel and unusual punishment.

A number of factors differentiate the instant case from *Hart*. The most obvious is the severity of the sentence. In *Hart*, the petitioner had been sentenced to life imprisonment; here, the term is ten to

twenty years. Moreover, the *Hart* court emphasized the fact that the sentence was disproportionately heavy compared to that which the petitioner would have received in other states, 483 F.2d at 141–42; here, Hall could have received an equal or greater sentence in at least sixteen other states and the District of Columbia.[4] Finally, *Hart* made much of the fact that none of the crimes in question were against the person. 483 F.2d at 140. In this case, Hall violated a statute designed to protect the persons of immature females from suffering harm at the instance of older males.

We thus conclude that *Hall* is not determinative. A more apt precedent is *Wood v. South Carolina*, 483 F.2d 149 (4 Cir. 1973) (per curiam). There, we held that the imposition of a five year prison term for the making of an obscene phone call was constitutionally unobjectionable. Surely a state may validly take stronger measures in furtherance of one of its most important functions—the protection of female children within its jurisdiction.

*AFFIRMED.*

| 4. Jurisdiction and Statute | Penalty | Jurisdiction and Statute | Penalty |
| --- | --- | --- | --- |
| Alaska Stat. § 11.15.130 (Cum.Supp.1975) | 1–20 | Maine Rev.Stat.Ann. Tit. 17–A § 252 (1976) | 0–20 |
| Ariz.Rev.Stat.Ann. § 13–614 (1956) | 5–Life | Maryland Code Ann. Art. 27 § 462 (1976) | 18 Mos.–Life |
| West's Ann.Calif.Penal Code § 264 (Supp.1976) | 0–50 | Vernon's Ann.Missouri Stat. § 559.260 (Supp.1972) | 2–Life |
| District of Columbia Code Encyclopedia § 22–2801 (1967) | 0–30 | Montana Crim.Code Tit. 94 § 5–503 (1976) | 0–40 |
| Ga.Code Ann. § 26–2018 (1972) | 1–20 | Nebraska Rev.Stat. § 28–408 (Cum.Supp.1974) | 3–50 |
| Idaho Code § 18–6104 (Cum.Supp.1975) | 1–Life | South Dakota Compiled Laws § 22–22–1 (Cum.Supp.1975) | 0–20 |
| Smith-Hurd Ill.Ann.Stat. Tit. 38 § 11–4 (Supp.1976) | 4–Life | Vernon's Tex. Penal Code Ann. § 21.09 (Supp.1976) | 2–20 |
| Burns Ind.Stat.Ann. Tit. 35 § 13–4–3 (1975) | 2–21 | Wyoming Stat. § 6–63 (Cum.Supp.1975) | 1–50 |
| Iowa Code Ann. § 698.1 (1950) | 5–Life | | |