John Wesley QUEEN, Petitioner,

v.

William LEEKE and the Attorney
General of the State of South
Carolina, Respondents.

Terry Stewart MOORE, Petitioner,

v.

William LEEKE and the Attorney
General of the State of South
Carolina, Respondents.

Civ. A. Nos. 75–1216, 75–1214.

United States District Court,
D. South Carolina,
Columbia Division.

Feb. 24, 1978.

Roy T. Stuckey, Director, Corrections Clinic, Columbia, S. C., for John Wesley Queen.

Robert W. Warren, Allendale, S. C., for Terry Stewart Moore.

Daniel R. McLeod, Atty. Gen. of S. C., Columbia, S. C., and Emmet H. Clair, Asst. Atty. Gen. of S. C., Columbia, S. C., for respondents.

HEMPHILL, District Judge.

These are Petitions for Writs of Habeas Corpus by State prisoners pursuant to 28 U.S.C. § 2254. The allegations presented to this Court are that the Petitioners were denied due process of law in that the impartiality of the jurors at their State trial was tainted by comments made by the trial judge and that the sentence imposed on Petitioners following conviction constituted cruel and unusual punishment.

The Petitioners were brought to trial in Barnwell, South Carolina, on May 28, 1974, on indictments charging them with the offense of distributing marijuana in violation of § 32–1510.49 of the Code of Laws of South Carolina, 1962 Ann. (1975 Cum. Supp.). On the preceding day, which was the opening day of that term of Court, the trial judge had addressed all those assembled in the courtroom.

When the case was called, the attorney representing the Defendants, who is one of the attorneys representing them in this proceeding, made several motions, including motions for a continuance and a motion for the trial judge to recuse himself, based on the ground that the Judge's comments at the opening of Court had prejudiced the Petitioners' chances of obtaining a fair trial. The motions were denied. Both Petitioners were found guilty as charged by the jury and were sentenced by the trial judge to be confined for five (5) years, which is the maximum sentence permitted under the Statute. § 32–1510.49(b)(2), S.C.Code Ann. (1975 Cum.Supp.). The Petitioners' appealed the convictions and judgments to the State Supreme Court. That Court affirmed the conviction and judgment on June 11, 1975. *State v. Queen and Moore*, 264 S.C.

515, 216 S.E.2d 182 (1975). The Petitions before the Court were filed on July 15, 1975. They presented essentially the same issues which had been raised in the State courts, but the allegation that the trial court erred in refusing to grant a continuance due to Petitioner Moore's medical condition was subsequently withdrawn by counsel for Petitioners.

■ This Court views allegations of judicial misconduct with great disfavor and will hold any who make such claims to strict standards of proof. Allegations of judicial misconduct by malcontent criminal defendants arise too often and fine judges are unfairly maligned by charges against which they are unable to counterattack because of their positions. Reviewing courts, therefore, must be very careful to scrutinize allegations which are lightly brought. The actions of the trial judge must be such as would deprive the proceedings of fairness and rendering it impossible to receive a fair trial.

■ The nature of the position held by a judge also places restrictions on his conduct. He must maintain an atmosphere of impartiality in the courtroom and his influence on the jury is necessarily and properly of great weight. A trial judge should not convey to the jurors any opinions he may have concerning the guilt or innocence of the Defendants.

There was no record made of the comments about which the Petitioners complain. It appears from the record that the comments were made by the trial judge at the opening of Court. This was the last week of General Sessions Court which the trial judge was to hold in Barnwell County before taking his seat on the South Carolina Supreme Court to which he had been elevated. He was making a general discussion and reviewing incidents during his sixteen (16) years as a trial judge. He was recognizing the members of the Bar in Barnwell County with whom he had practiced prior to going on the bench and who had practiced before him as a judge.

At the hearing held before this Court the Petitioners produced several witnesses who testified with respect to their impression of the comments made by the trial judge at the opening of Court. Much of the testimony was conclusory and none of the witnesses could recall the specific comments or language used by the trial court. All of the witnesses, with the exception of one which the petitioners presented, were relatives or personal friends. The record does contain a colloquy between counsel and the trial court at the time the motions were made. The trial judge in denying the motions disagreed with counsel's recollection of the remarks and totally disagreed with his interpretation of the remarks. It appears that the attorney took offense because the trial judge had not called his name along with the other attorneys who were sitting in the courtroom. The trial judge stated in response to that contention that he was at the time recognizing the attorneys who had practiced in Barnwell. The Petitioners' attorney was not from Barnwell. The trial judge also apologized because the second reason that he had not called the attorney's name was that he simply couldn't remember it.

The Petitioners also charged that the trial judge stated to those present that in order to bring law enforcement to Barnwell County, guilty verdicts must be returned. The trial judge emphatically disagreed. He asserted that he made only the statement that law enforcement begins at the local level and he stated that he makes that same general comment at the opening of every court where he has presided throughout the State. The State Supreme Court held that based on the record which was before them, that they were of the opinion that the remarks attributed to the judge by the Petitioners were not made. It appears counsel for Petitioners listened to a long, general and relatively rambling discussion by the trial court and took remarks out of context and combined them to convey an impression which was not intended by the trial court.

The only witness presented by the Petitioners in this Court which would support their contention was Mrs. Elizabeth Sanders who is a former Deputy Clerk of Court in Barnwell County. She testified as to the impression she got from the trial court's remarks. She also testified that she heard the trial court's discussion of those remarks when the motions were made and heard the trial judge apologize to counsel if the omission of his name had offended him. It appears from the record that the petit jury was present in the courtroom when the motions were made. They apparently heard the trial judge specifically disavow any intent to convey his opinion of the guilt or innocence of the particular Defendants.

 As the State Supreme Court pointed out, a trial court has wide discretion in directing the attention of a grand jury to particular subjects of inquiry and to particular offenses or classes of offenses; but, he should not express any opinion as to the guilt or innocence of any particular person. The trial judge here has expressly denied making any such comment. The duty of jurors is to take the law from the Court in the particular case being tried. It must be presumed that the jury does so. *King v. United States,* 279 F.2d 342 (9th Cir. 1960). Here as the Supreme Court pointed out, the trial judge instructed the jury that the Petitioners pled not guilty and they were presumed to be innocent and that presumption continued until the State satisfied the jury as to their guilt beyond a reasonable doubt. He also instructed the jury that they were the sole judges of the facts in the case and he was not permitted to indicate any opinion as to the weight, sufficiency of the evidence, or the credibility of the witnesses. He also charged them as follows:

"I'm not permitted to invade your province and tell you what I think the facts of this case are; I'm not permitted to do that. And if by chance you've gathered any inference whatsoever from any action, saying, or ruling on my part as to what I think the facts of this case are, you'll disregard such inference, because that was not my intention. And that means, and necessarily means, that you, and you alone, are the sole, the only,

judges of the facts and of the credibility, or believability, that's what credibility means, believability of the witnesses." At the conclusion of the trial the attorney commended the trial judge on the fair manner in which the trial was conducted.

Prior to sentencing, counsel and the Court again entered into a colloquy with respect to the remarks made by the Judge at the opening of Court. From that colloquy it appears that even the attorney at that time was aware that the Court did not in fact comment as to the guilt or innocence of the Defendants and there was no intent by the Court to convey that impression. He merely indicated that some of the jurors may have misinterpreted the Court's remarks. The Court again disagreed and expressly called attention to the fact that he charged the panel to disregard any remarks which he may have made which may have indicated to them an opinion on his part. It further appears from this colloquy that the Defendants did not use all of the strikes to which they were entitled.

There has been no testimony to support the assertion that the trial judge specifically commented on the guilt or innocence of these Petitioners. All of the assertions and the testimony reflect only how those persons construed the trial court's statements. He has expressly disavowed that construction and any intent to that end. This Court has reviewed the record together with the trial court's assurance to the jury that nothing he had said should be considered as in any degree detracting from the Petitioners' maintenance of innocence. The Court concludes that the Petitioners have not met their burden of establishing that they were denied a fair trial by any remarks made by the Judge to the grand jury at the opening of Court. *U. S. v. King*, 420 F.2d 946 (4th Cir. 1970) cert. denied, 397 U.S. 1017, 90 S.Ct. 1253, 25 L.Ed.2d 432; *U. S. v. Gomez*, 529 F.2d 412 (5th Cir. 1976).

This Court has reviewed the record and finds that the comments by the trial judge were not such as would amount to prejudice requiring reversal. The record of the State's case is clear and the Court cannot conceive of what other verdict the jury could have returned based on the testimony before them. Viewing the entire record in the light of the trial court's specific instruction to the jury, this Court concludes that the Petitioners were not deprived of their constitutional right to a fair trial. *U. S. v. Cunningham*, 423 F.2d 1269 (4th Cir. 1970); *U. S. v. Onori*, 535 F.2d 938 (5th Cir. 1976); *U. S. v. Carter*, 528 F.2d 844 (8th Cir. 1975).

The Petitioners also assert that the sentence imposed was cruel and unusual punishment. The Federal Courts have uniformly held that a sentence imposed by a trial judge, as long as it is within the statutory limits, is not subject to review. *U. S. v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592; *Wood v. State of South Carolina*, 483 F.2d 149, 150 (4th Cir.).

In *Wood* the Fourth Circuit was reviewing a sentence imposed by a State Court on a charge of making an obscene phone call. The Court had imposed a sentence of five (5) years which was within what the Court found a "rather startling ten-year maximum allowed by South Carolina law." The Court there stated "whatever may be our subjective view of the matter, we fail to discern here objective factors establishing disproportionality in violation of the eighth amendment." It is significant that the decision was handed down on the same day as the decision in *Hart v. Coiner*, 483 F.2d 136 (4th Cir.).

█ This Court may very well feel that the sentence imposed on the Petitioners was too severe. It was, however, within the statutory limits and even a Federal Court of Appeal absent exceptional circumstances has no power to review a sentence within statutory limits. *U. S. v. Pruitt*, 341 F.2d 700 (4th Cir. 1965); *U. S. v. Crowe*, 516 F.2d 824 (4th Cir. 1975). The decision as to the sentence lies within the discretion of the trial judge and absent proof of gross abuse of that discretion, the sentence cannot be disturbed. *U. S. v. Baysden*, 326 F.2d 629 (4th Cir. 1964); *U. S. v. Hodge*, 394 F.2d 122 (4th Cir. 1968); *U. S. v. Lewis*, 392 F.2d 440 (4th Cir. 1968).

**480**

In the present case there is simply nothing to indicate such gross abuse of discretion or extraordinary circumstances which would justify a Federal Court interfering with the sentencing prerogatives of a State trial judge. This is particularly true where the State's highest Court has affirmed that sentence. This Court has reviewed the case and determined that the Petitioners were deprived of no constitutional right.

IT IS THEREFORE ORDERED that the Petitions for Writ of Habeas Corpus be dismissed and the requested relief denied.

IT IS SO ORDERED.