**Franklin E. DENNISON, Petitioner,**

v.

**William D. LEEKE and the Attorney General of the State of South Carolina, Respondents.**

Civ. A. No. 77–2236.

United States District Court,
D. South Carolina,
Columbia Division.

April 3, 1978.

Roy T. Stuckey, Vance L. Cowden and John L. Davidson, Columbia, S. C., for Franklin E. Dennison.

Emmet H. Clair, Sr. Asst. Atty. Gen., Columbia, S. C., for William D. Leeke and the Attorney General of the State of S. C.

## ORDER

HEMPHILL, District Judge.

The petitioner was arrested after 3 A. M. on September 20, 1974 in an auto parts retail store in Georgetown, South Carolina, after an officer summoned assistance when he saw visible signs of an entry into the store. A safe had been damaged, and the petitioner had almost $100.00 in cash that he had stolen in the store. When the offense occurred, the petitioner had just turned seventeen years of age, and he was an escapee at large from the South Carolina Department of Youth Services where he was sentenced for two offenses not described in the record. The petitioner appeared with counsel on December 4, 1974 and entered a plea of guilty. He was sentenced to ten years, the minimum sentence provided for safecracking by South Carolina law.[1] The judge explicitly rejected his attorney's request for probation, or a sentence under the South Carolina Youthful Offender Act, § 24–19–50, 1976 Code.[2]

The petitioner sought post-conviction relief on the grounds that his sentence violates the ban of the Eighth Amendment that cruel and unusual punishment shall not be imposed, and because the YOA of South Carolina denied him equal protection because it barred his eligibility for sentencing thereunder.[3] Judge Klyde Robinson ruled

1. "§ 16–11–390. Safecracking.

"Any person convicted of using explosives, tools or any other implement in or about a safe used for keeping money or other valuables with intent to commit larceny or any other crime shall be guilty of a felony and be sentenced to the Penitentiary during the term of his life; *provided,* that if the jury recommend the defendant to the mercy of the court, a sentence of

not less than ten years' imprisonment may be imposed, in the discretion of the court."

2. Transcript of Record on appeal, page 5, folio 20. Under the Act, a person sentenced for safecracking is ineligible for sentencing thereunder in any event. (§ 24–19–10(f), 1976 Code).

3. The South Carolina YOA does not require a sentencing judge to enter an explicit "no bene-

against his contentions on April 18, 1977, and petitioner appealed. The South Carolina Supreme Court affirmed in the petitioner's and another consolidated case on appeal, *Stockton v. Leeke, Dennison v. State,* S.C., 237 S.E.2d 896 (1977). Represented by the staff of the Corrections Clinic, the petitioner now seeks federal relief on the same two grounds stated in the state case, to which he has added a claim that the South Carolina Supreme Court erred in a "factual finding" not argued on appeal.

The South Carolina Supreme Court cited both federal cases and its own prior decisions in rejecting petitioner's claim that a minimum sentence of ten years for safecracking offends the Constitution. It also found no constitutional impediment to the legislative classification of crimes for which sentencing under the YOA of the state is inapplicable. The rejection of a portion of the petitioner's argument in comparing other crimes with safecracking does not present a constitutional issue here under 28 U.S.C. § 2254, for this court possesses neither appellate nor supervisory authority over the South Carolina courts.

The court can only commend the zeal of the advocacy of petitioner's counsel, but his argument is misdirected. As Judge Robinson observed in his Order, such argument would be more appropriately directed to the South Carolina General Assembly. See *Wood v. South Carolina,* 483 F.2d 149 (4th Cir. 1973); and *Hall v. McKenzie,* 537 F.2d 1232, at 1234 (4th Cir. 1976). As Judge Winter stated in *Hall,* "[T]he determination of legislative policy for [West Virginia, in that case] is for that state and not us." This court cannot agree that a minimum sentence of ten years for safecracking is so shocking to the conscience as to be within the disproportionality doctrine.

The petitioner has requested leave to file interrogatories. The respondents have objected on the basis that the discovery sought is as to matters which call for legal conclusions, or else seeks to reargue

matters decided by the South Carolina Supreme Court. The petitioner also requests oral argument in opposition to respondents' request for summary judgment, and urges this court to grant a factual hearing. The case has been well briefed for the petitioner, but the court knows of no reason to justify a factual hearing. The questions involved are ones of law, and can be resolved on the basis of the argument of law already in the record. Therefore, the discovery sought is unnecessary, a necessity for a factual hearing is not indicated, and the court perceives no necessity to hear oral argument after reviewing the material on file. Accordingly, petitioner's motions are denied.

Whatever one's subjective view of the issues raised by petitioner may be, the court fails to discern an Eighth Amendment issue in this case. See *Wood, supra.* Accordingly,

IT IS ORDERED that the petition be dismissed.

---

fit" finding as is required in federal courts under *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). *Powell v.*

*Leeke,* C/A 74–1231, D.S.C. (J. Blatt, January 29, 1975), affirmed September 26, 1975, No. 75–2000, 4th Cir., 529 F.2d 516 (Table).