■ The order granting confirmation is reversed, and the case is remanded to the bankruptcy court for further proceedings.[5]

**Richard NAVEDO, Appellant,**

v.

**Victor PREISSER and Jeffrey Johnson, Appellees.**

No. 79–1762.

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1980.

Decided Sept. 22, 1980.

Jon M. Kinnamon, Cedar Rapids, Iowa, for appellant.

Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, for appellees.

---

Before LAY, Chief Judge, and BRIGHT and HENLEY, Circuit Judges.

BRIGHT, Circuit Judge.

Richard Navedo appeals from a judgment of the district court denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1976). Navedo seeks to overturn his state felony conviction for engaging in sexual intercourse with a sixteen–year–old female while he was over twenty–five years of age, a violation of Iowa Code § 698.1 (1975) (repealed 1978).[1] We agree with Navedo's contention that the Iowa statute is invalid on equal protection grounds because it unconstitutionally discriminates against males on the basis of sex. Accordingly, we reverse the judgment of the district court.

I. *Background.*

In state court Navedo challenged the constitutionality of the Iowa statute on due process and equal protection grounds by filing a demurrer to the information charging him with statutory rape. The Iowa district court denied relief and sentenced Navedo to a five–year term of imprisonment. The court, however, suspended the sentence and placed Navedo on probation.

The Iowa Court of Appeals affirmed the conviction, relying on *State v. Drake*, 219 N.W.2d 492 (Ia.1974).[2] The Iowa Supreme Court denied discretionary review.

Thereafter, Navedo petitioned for a writ of habeas corpus in federal district court, again alleging violations of due process and equal protection. In an unpublished opinion, the federal district court initially observed that the statute on its face is gender–neutral, applying to "any person" over the age of twenty–five who carnally knows a female under the age of seventeen. Relying on Iowa case law, however, the court construed the term "carnal knowledge" as requiring penetration of a female sex organ by the male sex organ and concluded that the law in question punishes only males. The district court noted that the statute discriminated against males both by punishing only males and by protecting only females. Nonetheless, the court held that the discrimination was substantially related to the achievement of important governmental objectives–namely, protecting young females from unwanted pregnancy and emotional trauma–and so was permissible under the equal protection clause.[3] The district

---

1. Iowa Code § 698.1 (1975) provides:

    698.1 *Definition–punishment.* If any person ravish and carnally know any female by force or against her will, or if any person carnally know and abuse any female child under the age of sixteen years, or if any person over the age of twenty–five years carnally know and abuse any female under the age of seventeen years, he shall be imprisoned in the penitentiary for life, or any term of years, not less than five, and the court may pronounce sentence for a lesser period than the maximum, the provisions of the indeterminate sentence law to the contrary notwithstanding.

    The provision of the statute under which Navedo was convicted applies only if the male defendant is over 25 and the female is 16 years of age. The second provision of the statute punishes a male of any age for having sexual intercourse with a female under 16. The consent of the female is not a defense under either provision.

2. In *Drake* the appellant contended that the gender–based classification and the age classification for males contained in § 698.1 violated the due process and equal protection clauses of the Constitution. The Iowa Supreme Court up-

held the statute, concluding that "sex is the *only* possible classification if the purposes of the statute [namely, the protection of certain young females from intercourse] are to be realized" and that the age classification for males was rational. *Drake, supra*, 219 N.W.2d at 496.

3. The district court relied upon *Caban v. Mohammed*, 441 U.S. 380, 99 S.Ct. 1760, 60 L.Ed.2d 297 (1979), and *Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976), in determining the standard of equal protection analysis applicable to gender–based classifications. *See* note 5 *infra*. In applying this standard, the court reasoned:

    The state contends that the statutory rape provisions of § 698.1 had, in essence, two objectives; protecting certain young, unmarried females from unwanted pregnancies and from the possibly traumatic emotional effects of sexual intercourse with an older man who may wield undue influence over her. Although the state has provided no actual evidence of the statute's purpose, it seems apparent from the face of the statute that those were the objectives intended.

    Given those two objectives, the reason why the statute protects only females and not

court also rejected the other constitutional challenges made by Navedo[4] and denied him habeas corpus relief.

## II. *Discussion.*

As Navedo contends, the Iowa statute discriminates between men and women by punishing a male over twenty–five years of age for engaging in sexual intercourse with a female sixteen years old, without punishing a female over twenty–five years of age for engaging in sexual intercourse with a male sixteen years old. The State of Iowa does not contest this discriminatory effect of the statute. *See also State v. Drake, supra,* 219 N.W.2d at 495–96 (acknowledging that the statute creates a gender–based classification). Nor does the state disagree with appellant that

> males is clear. While it is at least arguable that young males are also endangered by the undue influence of older women and the emotional effects of intercourse with them, it is plain that only females are exposed to a substantial additional danger–namely, unwanted pregnancy and " '[a]ll of the attendant psychological, medical, sociological and moral problems, including questions whether to have an abortion or bear the child.' " *State v. Drake,* supra, at 495, quoting from *In re Interest of J. D. G.,* a child under 17 years of age, 498 S.W.2d 786, 792 (Mo.1973). Likewise, the statute punishes only men because only a man may inflict this additional harm.
>
> Where, as here, a gender classification is based on a valid distinction between the sexes, it will be upheld. *Kahn v. Shevin,* 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974). This is particularly so when the distinction is one involving physiological differences. In such a case, the sexes are not similarly situated, and equal protection is not required. *People v. McKellar,* supra, [81 Cal. App.3d 367, 146 Cal.Rptr. 327,] at 329–30 [(1978)].

4. Navedo contended that:
   1) the statute violated equal protection by (a) impinging upon the fundamental right of privacy to engage in consensual sexual intercourse and (b) irrationally discriminating on the basis of age;
   2) the statute violated due process by (a) failing to require proof of a *mens rea* element, (b) arbitrarily limiting the fundamental right of privacy, and (c) providing the same range of punishment for the crimes of statutory rape and forcible rape.

[t]o withstand constitutional challenge * * * classifications by gender must serve important governmental objectives and must be substantially related to achievement of those objectives. [*Craig v. Boren,* 429 U.S. 190, 197, 97 S.Ct. 451, 457, 50 L.Ed.2d 397 (1976).][5]

Rather, the state contends that the disparate treatment of the sexes is constitutionally justified under the *Craig* standard, because the gender classification in the Iowa statute is substantially related to the achievement of three important governmental objectives: (1) the prevention of pregnancy; (2) the prevention of physical injury caused by intercourse; and (3) the prevention of emotional trauma caused by sexual intercourse with an older man, particularly if he wielded undue influence or if pregnancy results.

5. Gender–based classifications are subject to scrutiny under the equal protection clause, *Reed v. Reed,* 404 U.S. 71, 75, 92 S.Ct. 251, 253, 30 L.Ed.2d 225 (1971), including those classifications which discriminate against men. *Orr v. Orr,* 440 U.S. 268, 279, 99 S.Ct. 1102, 1111, 59 L.Ed.2d 306 (1979).

   In *Frontiero v. Richardson,* 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973), four members of the Court indicated that they favored treating sex as a suspect classification. This position, however, has never been accepted by a majority of the Court. In *Craig v. Boren, supra,* the Court held that an Oklahoma statute prohibiting the sale of 3.2% beer to males under the age of 21 denied males 18 through 20 years of age the equal protection of the laws. In *Craig,* four members of the Court stated that "[t]o withstand constitutional·challenge, * * * classifications by gender must serve important governmental objectives and must be substantially related to achievement of those objectives." *Craig, supra,* 429 U.S. at 197, 97 S.Ct. at 457. Three months later, in *Califano v. Goldfarb,* 430 U.S. 199, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977), a different group of four justices adopted this intermediate standard of equal protection analysis for gender–based classifications. Since then a majority of the Court has accepted and applied the *Craig* standard to gender–based classifications. *See Califano v. Westcott,* 443 U.S. 76, 89, 99 S.Ct. 2655, 2663, 61 L.Ed.2d 382 (1979); *Caban v. Mohammed, supra* note 3, 441 U.S. at 388, 99 S.Ct. at 1766; *Orr v. Orr, supra,* 440 U.S. at 279, 99 S.Ct. at 1111.

A. *Prevention of Physical and Emotional Trauma.*

The state contends that the statute seeks to protect young females from physical injury[6] and emotional trauma caused by sexual intercourse with older men. The state argues that the gender classification is substantially related to the achievement of these objectives because a female over the age of twenty–five cannot inflict physical damage on a young male by engaging in normal sexual intercourse, and a young female is more likely than a young male to suffer emotional effects from sexual intercourse with an older partner, particularly if she becomes pregnant or was unduly influenced. The state, however, has offered no evidence of any kind—legislative history, statistical, or medical—to support these arguments.

In *United States v. Hicks,* 625 F.2d 216, 217 (9th Cir. 1980), the Ninth Circuit invalidated a federal law making it a felony for a man to carnally know "any female, not his wife, who has not attained the age of sixteen years." The Government argued that the statute served the purpose of preventing unwanted pregnancy and physical injury to young females. Relying on *Caban v. Mohammed,* 441 U.S. 380, 99 S.Ct. 1760, 60 L.Ed.2d 297 (1979), and *Craig v. Boren,*

*supra,*[7] Judge Wallace (writing for a majority of the panel) determined that once an appropriate party invokes constitutional scrutiny of a statutory gender classification, the government shoulders the burden of proving a constitutionally sufficient justification. *United States v. Hicks, supra,* at 219. *See also Berkelman v. San Francisco Unified School District,* 501 F.2d 1264, 1269 (9th Cir. 1974). Because the Government did not produce any evidence supporting its claimed justifications for the statute, the Ninth Circuit concluded that it failed to carry its burden of proof. *United States v. Hicks, supra,* at 219–21.

The First Circuit relied upon a somewhat similar analysis in overturning a New Hampshire statute similar to the federal statute at issue in *Hicks. Meloon v. Helgemoe,* 564 F.2d 602 (1st Cir. 1977), *cert. denied,* 436 U.S. 950, 98 S.Ct. 2858, 56 L.Ed.2d 793 (1978). Later that circuit reached a contrary result and upheld a comparable Maine statute in *Rundlett v. Oliver,* 607 F.2d 495 (1st Cir. 1979). In the latter case, however, the state offered substantial statistical and medical evidence to support its contention that young females, unlike young males, are often victims of physical injury resulting from sexual intercourse.

**6.** The state failed to raise the physical injury rationale before the federal district court. We will assume, however, that this contention is properly before us on appeal.

**7.** In *Craig, supra,* the Supreme Court accepted the state's contention that the purpose of the statute, which prohibited the sale of 3.2% beer to females under 18 and males under 21, was to enhance traffic safety. The state introduced a variety of statistical surveys to demonstrate that 18- to 20-year-old males committed more drinking-related traffic offenses than females in the same age group. The Court held, however, that "appellees' [the state's] statistics in our view cannot support the conclusion that the gender-based distinction closely serves to achieve that objective [the enhancement of traffic safety] and therefore the distinction cannot under *Reed* withstand equal protection challenge." *Craig, supra,* 429 U.S. at 200, 97 S.Ct. at 458.

In *Caban v. Mohammed, supra,* an unwed father challenged a New York law which permitted unwed mothers, but not unwed fathers, to block the adoption of their children simply by withholding consent. The Court recognized that the state had a legitimate interest in promoting adoption and that locating and identifying the unwed father could seriously impede adoption. However, the Court noted that the unwed father seeking to block the adoption in this case had admitted paternity and established a substantial relationship with his child. Finding the gender-based classification unconstitutionally overbroad, the Court concluded that "no showing has been made that the different treatment afforded unmarried fathers and unmarried mothers under § 111 [the challenged statute] bears a substantial relationship to the proclaimed interest of the State in promoting the adoption of illegitimate children." *Caban, supra,* 441 U.S. at 393, 99 S.Ct. at 1769. *See also Caban, supra,* 441 U.S. at 409, 99 S.Ct. at 1777 (Stevens, J., dissenting) (disagreeing with the majority's conclusion that "the state has the burden not only of showing that the rule is generally justified but also that the justification holds equally true for *all* persons disadvantaged by the rule.").

*See Rundlett v. Oliver, supra,* 607 F.2d at 502–03.

■■■ We agree with the reasoning of the First and Ninth Circuits in *Meloon* and *Hicks* and hold that the state bears the burden of showing that the gender–based classification is substantially related to the achievement of the statute's objectives. In this case, the state has produced no evidence showing the frequency and severity of physical injury to sixteen–year–old females from consensual intercourse with males over twenty–five. The state has also failed to produce any evidence demonstrating the frequency and severity of emotional trauma to sixteen–year–old females caused by consensual sexual intercourse with males over twenty–five, or demonstrating that young females are more likely to experience emotional trauma than young males if intercourse results with an older person.[8] Therefore, the state has failed to meet its burden of showing that the gender–based classification substantially furthers the prevention of emotional trauma and physical injury.

### B. Prevention of Pregnancy.

The state also argues that its statute passes constitutional muster because it aims to prevent unwanted pregnancy among young females, and only females can become pregnant. Admittedly, the prevention of unwanted teenage pregnancy is an important state objective. However, this rationale is also insufficient to support the statute's gender–based classification.

The state has offered no legislative history or other evidence showing that a purpose for the statute is the prevention of pregnancy. In *State v. Drake, supra,* however,

the Iowa Supreme Court determined that the Iowa legislature enacted the statute to prevent teenage pregnancy and its attendant problems. Although a court should accept the purpose of a statute offered by the state or its courts, despite a lack of legislative history, we remain free to inquire into the actual purpose of the statute if the proffered justification is not plausible. *See Caban v. Mohammed, supra,* 441 U.S. at 389, 99 S.Ct. at 1766; *Califano v. Goldfarb,* 430 U.S. 199, 209 n. 8, 97 S.Ct. 1021, 1028, 51 L.Ed.2d 270 (1977); *Craig v. Boren, supra,* 429 U.S. at 199 n. 7, 97 S.Ct. at 457; *Weinberger v. Wiesenfeld,* 420 U.S. 636, 648 n. 16, 95 S.Ct. 1225, 1233, 43 L.Ed.2d 514 (1975).

The plausibility of a pregnancy rationale for laws of this kind is suspect. As the First Circuit noted in *Meloon,* pregnancy is a fundamental characteristic distinguishing the two sexes and can be used as an "available hindsight catchall rationalization" for almost any gender–based legislation; moreover, statutory rape legislation traditionally has included very young females for whom pregnancy is no threat. *Meloon v. Helgemoe, supra,* 564 F.2d at 607–08. *See Rundlett v. Oliver, supra,* 607 F.2d at 502 n. 15.

In this case, the general doubts expressed by the First Circuit regarding a pregnancy rationale are reinforced by the peculiar structure of the Iowa statute. That statute superimposes strict age limitations upon its gender distinction, thereby excluding from punishment the class of males most likely to have intercourse with and cause pregnancy in sixteen–year–old females–males under twenty–five years of age.[9] In our view, this critical underinclusiveness vitiates the

---

**8.** The state argues that emotional trauma occurs more frequently to young females than young males because only females become pregnant and females are more susceptible to undue influence than young males. While these arguments may comport with common sense, we must reject them as inadequate rationalizations for the statute's gender–based classification. *See* notes 9 and 10 *infra.*

**9.** Similarly, the statute excludes from punishment males under 25 who are just as likely as their older counterparts to cause physical injury to a 16–year–old female or wield undue influence over her. Moreover, the statute punishes purely consensual intercourse with a 16–year–old female, even though physical injury is unlikely and undue influence may be absent. These considerations suggest that the statute was not intended to prevent emotional trauma or physical injury.

state's pregnancy rationale.[10] Thus, that rationale will not justify the gender–based classification of the Iowa statute.

Because the state has failed to show that its gender–based classification substantially furthers the prevention of physical injury, emotional trauma, or pregnancy caused by sexual intercourse with an older person, we hold that the provision of the Iowa statute in question violates the equal protection clause.[11] Accordingly, we reverse the judgment of the district court and remand with instructions to issue the writ of habeas corpus.[12]

10. The district court determined, however, that because the statute represents an effort to serve two purposes–the prevention of unwanted pregnancy and the prevention of the emotional effects of intercourse with older men–the underinclusiveness of the statute was not fatal to the state's pregnancy rationale. Likewise, the state argues in its brief that these two purposes of the statute should be considered together. The state contends that the emotional problems associated with an unwanted teenage pregnancy are more severe if the male is over 25 because marriage is less likely. This argument rests upon highly tenuous grounds. The state has not shown that marriage is in fact less likely with an older male, or even that marriage helps solve the problems associated with an unwanted teenage pregnancy.

11. We recognize that other courts have upheld statutory rape laws based on the rationale offered by the State of Iowa. In particular, see Michael M. v. Superior Court (and cases cited therein), 25 Cal.3d 608, 159 Cal.Rptr. 340, 601 P.2d 572 (1979), cert. granted, —— U.S. ——, 100 S.Ct. 2984, 64 L.Ed.2d 853 (1980) (upholding the statute on a pregnancy rationale). In Hall v. McKenzie, 537 F.2d 1232 (4th Cir. 1976), the Fourth Circuit upheld a statutory rape law under the equal protection clause. That circuit, however, used the rational basis test, a

test which is inappropriate to gender–based discrimination in light of more recent Supreme Court cases, viz., Craig v. Boren, Califano v. Westcott, Orr v. Orr, and Caban v. Mohammed.

12. Recently the Iowa legislature has enacted a gender--neutral statutory rape law, repealing and superceding § 698.1 as of January 1, 1978. The relevant Iowa Code section provides:

Any sex act between persons who are not at the time cohabiting as husband and wife is sexual abuse in the third degree by a person when the act is performed with the other participant in any of the following circumstances:

\* \* \* \* \* \*

3. The other participant is a child.

\* \* \* \* \* \*

5. The person is six or more years older than the other participant, and that other participant is fourteen or fifteen years of age. Iowa Code § 709.4 (1978). At least 30 other state legislatures have passed gender–neutral laws. See Michael M. v. Superior Court, supra note 11, 25 Cal.3d 608, 159 Cal.Rptr. 340, 601 P.2d at 581–82 n. 5 (Mosk, J., dissenting). Our decision is, of course, limited to a consideration of the prior code provision in question embodied in § 698.1.