**UNITED STATES of America,**
**Appellee,**

v.

**Joe Caldwell HODGE, Appellant.**

**No. 11367.**

United States Court of Appeals
Fourth Circuit.

Argued Dec. 5, 1967.

Decided April 24, 1968.

Calvin L. Brown, Charlotte, N. C., court-appointed counsel, for appellant.

Wm. Medford, U. S. Atty. (James O. Israel, Jr., Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and WINTER, Circuit Judges.

PER CURIAM.

Appellant, who is presently serving a life sentence for rape in the North Carolina prison system, asks the Court to overturn a conviction of kidnapping in the United States District Court for the Western District of North Carolina. The kidnapping conviction was entered on a plea of guilty,[1] but the defendant contends that the fifty year concurrent sentence constitutes cruel and unusual punishment which is prohibited by the Eighth Amendment to the Constitution of the United States. We reject this contention and affirm.

18 U.S.C. § 1201 provides that a violation shall be punished by, among other things, imprisonment for any term of years or for life. Thus, the sentence imposed below was clearly within statutory limits. This being the case, the sentence will not be disturbed unless the trial judge has grossly abused the discretion afforded him. United States

---

1. Appellant pleaded guilty to a bill of indictment charging him with kidnapping Martha Elizabeth Burgess and transport-ing her across a state line in violation of 18 U.S.C. § 1201.

v. Baysden, 4 Cir., 326 F.2d 629. That such discretion was not abused in the instant case seems clear.

Having served a portion of a life term imposed upon him by the North Carolina courts after his convictions for rape and certain lesser offenses, appellant managed to escape and to set in motion the sequence of events giving rise to these proceedings. Brandishing a pistol, he forced his way into the car of Martha Elizabeth Burgess and forced her to drive him from North Carolina into South Carolina in the direction of Columbia. Though he explained to Miss Burgess that he was an escaped convict who had been falsely accused and convicted and who had escaped to search for proof of his innocence and though he assured her that she would not be harmed if she did as she was told, the District Judge was justified in concluding that appellant was a highly dangerous individual. During the drive toward Columbia appellant inquired of Miss Burgess whether or not she had heard of Speck, "the one who killed all those girls, those nurses," and asked her what she thought about it. Furthermore, after learning that they were being followed by a highway patrolman, appellant forced Miss Burgess to flee at high speeds in an attempt to outdistance the pursuer, and to drive on the left-hand side of the road to block the pursuing patrolman when he attempted to pull alongside. The chase was ended only when, by radio communications, another patrol car was positioned in front of Miss Burgess. By driving to the left and right as the defendant had forced Miss Burgess to do, that patrolman prevented her passing him and forced her to slow the car and stop.

These facts and the fact that appellant was an habitual offender presently under life sentence for rape called for a substantial sentence. The District Judge did not abuse his discretion in imposing a sentence of fifty years to run concurrently with the life sentence then being served in the state prison.

We are aware that prior to imposing sentence the District Judge made statements to the effect that it might have been better for all concerned if appellant rather than surrendering had attempted to shoot it out with his pursuers and had been killed in the process. While such remarks were intemperate and ill advised, particularly since appellant's parents were present in the courtroom, there was justification for the Judge's feeling that appellant posed a grave danger to society. It is not contended that the remarks affected the validity of the sentence, and we find no necessity for resentencing.

Affirmed.