**UNITED STATES of America, Appellee,**

v.

**Clifton Leon KING, Appellant.**

**No. 13132.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 5, 1969.

Decided Jan. 9, 1970.

Certiorari Denied March 30, 1970.
See 90 S.Ct. 1253.

Cullen B. Jones, Jr., Alexandria, Va. (Court-appointed counsel), for appellant.

Gilbert K. Davis, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before BOREMAN, BRYAN and BUTZNER, Circuit Judges.

PER CURIAM:

Indicted with three others, Clifton Leon King thereafter pleaded not guilty: (1) to the count of conspiracy to rob Federally insured banks and to transport in interstate commerce stolen motor vehicles, 18 U.S.C. § 371; (2) to two counts of bank robbery and incidental assault with a dangerous weapon, 18 U.S.C. § 2113(a) (d); and (3) to a count of interstate transportation of a stolen motor vehicle, 18 U.S.C. § 2312. All of these offenses were put as committed in Virginia during June 1968.

Upon his jury trial, December 11, 1968, the Government offered as witnesses, among others, King's codefendants—Ware, Harrington and Rose. Two testified to his complicity in the indictment offenses. At the same time, Ware and Harrington admitted that they had pleaded guilty to the conspiracy charge, and Rose entered a similar plea on the two bank robbery counts. The United States Attorney announced that the remaining charges against these three had been dismissed.

King now appeals. As error he assigns prejudice in the District Judge's comments at trial on the codefendants' admissions of guilt, and the failure of the Court to give the jury a cautionary instruction that the codefendants' pleas were not to be received as evidence of this defendant's guilt.

The remarks of the judge have been reviewed, together with his assurance to the jury that nothing he had said should be considered as in any degree detracting from the defendant's maintenance of innocence. On analysis, we think the judge's statements do not amount to reversible error.

With regard to the second assignment, we note that trial counsel did not ask for a cautionary instruction. Now it is contended that the omission was plain error, noticeable under F.R. Crim.P. 52(b), necessitating reversal. No authority has been cited, nor do we find any, which obligates the court to give such an instruction though unrequested. Moreover, trial strategy may have suggested to counsel the advisability of not reminding the jury of these pleas. Here we see no basis for overturning the conviction.

Finally, the prayer that we declare King's sentence unreasonable is refused. It was well within the statutory maximum. A broad discretion is given the trial judge in this area, and only when there is a clear abuse should we intervene. United States v. Hodge, 394 F.2d 122 (4 Cir. 1968). No abuse is apparent here.

With appellant's claims of error unsubstantiated, his conviction and sentence must stand.

Affirmed.