**UNITED STATES of America,
Appellee,**

v.

**Norman ROTHMAN and Fabio De
Cristofaro, Appellants.**

**Nos. 752, 874, Dockets 72–1220, 72–1523.**

United States Court of Appeals,
Second Circuit.

Argued May 15, 1972.

Decided June 15, 1972.

Nicholas J. Capuano, Miami, Fla., for appellants.

John H. Gross, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., David M. Brodsky and Peter F. Rient, Asst. U. S. Attys., on brief), for appellee.

Before MOORE, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge:

Appellants Rothman and De Cristofaro were convicted in the United States District Court for the Southern District of New York after a jury trial of conspiracy to transport and transportation of stolen securities in interstate and foreign commerce, and possession of securities stolen from interstate commerce and the mail, in violation of 18 U.S.C. §§ 371, 2314, 1708, and 659 (1970). Appellant Rothman was convicted of conspiracy and six substantive counts, and sentenced to concurrent prison terms of five years on each count. Appellant De Cristofaro was convicted of conspiracy and two substantive counts, and sentenced to concurrent terms of three years on each count. Appellants do not contest the sufficiency of the evidence to support the convictions. They contend, however, that the trial judge erred in failing to instruct the jury that a guilty plea of a codefendant is inadmissible as evidence of appellant's guilt. In addition, appellant Rothman contends that the district court erred in granting the government's pre-trial motion to compel appellant to furnish handwriting exemplars. For the reasons set forth below, we affirm the convictions.

I.

During the opening statement to the jury, the prosecuting United States attorney said:

"The defendants, Norman Rothman and Fabio De Cristofaro, are charged, along with Lawrence Mitchell and Chester Gray, with conspiring to transport approximately $3,000,000 of stolen securities across state lines and to Europe.

They are also charged with causing the transportation of certain stolen securities across state lines.

Chester Gray and Lawrence Mitchell have already pleaded guilty to conspiring with these defendants."

At that point defense counsel objected generally to the statement and asked the court to declare a mistrial, which request was denied. During the trial the government called both Mitchell and Gray to testify for the prosecution, and each testified that he had pleaded guilty to an indictment charging conspiracy to transport stolen securities in interstate and foreign commerce. Defense counsel did not object to this questioning, nor did counsel request the trial judge to give a cautionary instruction to the jury to the effect that this testimony could not be considered as evidence of appellants' guilt.

After all the evidence had been received, the trial judge discussed with counsel the proposed charge to the jury.

"I will tell [the jury] that two of the defendants [mentioned in the conspiracy indictment], Gray and Mitchell, have pleaded guilty to certain counts and are not on trial, and that that leaves Rothman and De Cristofaro as the defendants who are on trial.

.    .    .    .    .    .

Then we finally take up the conspiracy count  .  .  .  .  I will give [the jury] the usual charge on conspiracy I always use  .  .  .  .

.    .    .    .    .    .

.  .  .  I do not propose to discuss the evidence."

Defense counsel did not object to the proposed charge and did not request a cautionary instruction. When the trial judge charged the jury exactly as he indicated he would, no exception was taken to the absence of a cautionary instruction.

■ Appellants' contention that the court erred in not granting the request for a mistrial after the prosecutor's reference in the opening statement to the guilty pleas of Gray and Mitchell is without merit. The government is entitled, in its opening statement to the jury, to describe the witnesses and evidence it will introduce during the trial. The government is also entitled on direct examination of its witnesses to elicit information that could be damaging to the witnesses' credibility, such as a guilty plea to an indictment, "to prevent the defense from creating a misleading impression, or the jurors from thinking, that the Government is seeking to keep something from the jury." United States v. Del Purgatorio, 411 F.2d 84, 87 (2d Cir. 1969); United States v. Freeman, 302 F.2d 347, 350 (2d Cir. 1962), cert. denied, 375 U.S. 958, 84 S.Ct. 448, 11 L.Ed.2d 316 (1963). See United States v. Crosby, 294 F.2d 928, 948 (2d Cir. 1961), cert. denied, 368 U.S. 984, 82 S.Ct. 599, 7 L.Ed.2d 523 (1962).

■■ Although the trial court would have been required to give a cautionary instruction had such an instruction been requested, United States v. Freeman, supra, 302 F.2d at 350, the failure to request such an instruction when Gray and Mitchell testified or when the trial judge discussed his proposed charge, and the failure to take exception to the charge as delivered, constitutes a waiver of that right. United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S. Ct. 887, 15 L.Ed.2d 663 (1966); United States v. King, 420 F.2d 946, 947 (4th Cir.), cert. denied, 397 U.S. 1017, 90 S. Ct. 1253, 25 L.Ed.2d 432 (1970). The failure to give a cautionary instruction was not such "plain error" by the trial judge as to require reversal of these convictions. United States v. Indiviglio, supra; United States v. King, supra; United States v. Kimbrew, 380 F.2d 538, 540 (6th Cir. 1967). The government, on direct examination of Gray and Mitchell and in summation to the jury, did not stress the fact that the two had pleaded guilty; nor did the government at any time suggest to the jury that it could infer appellants' guilt from the guilty pleas of Gray and Mitchell.

## II.

■ Before trial, the government moved for an order requiring appellant Rothman to furnish handwriting exemplars. Rothman was compelled to furnish a sample of his signature and also to write five additional names, all of which had appeared as endorsements on cashier's checks or as signatures on hotel registration cards. An expert government witness testified that in his opinion the sigatures on the checks and cards which the government introduced were written by Rothman. Appellant contends that the order requiring him to furnish these exemplars violated his fifth amendment privilege against self-incrimination and the exemplars were therefore inadmissible at trial for purposes of comparison with the checks and registration cards.

Such a contention is untenable in light of Gilbert v. California, 388 U.S. 263, 267, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) and United States v. Izzi, 427 F. 2d 293 (2d Cir.), cert. denied, 399 U.S. 928, 90 S.Ct. 2244, 26 L.Ed.2d 794 (1970). "The lines drawn on the paper," United States v. Izzi, supra, at 295 n. 1, were neither "testimonial [n]or communicative" and therefore outside the scope of the fifth amendment privilege. Gilbert v. California, supra, 388 U.S. at 267, 87 S.Ct. 1951. See also United States v. Wade, 388 U.S. 218, 222–223, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); United States v. Doe (Devlin), 405 F.2d 436, 438 (2d Cir. 1968); United States v. Doe (Schwartz), 457 F.2d 895 (2d Cir. 1972).

Affirmed.