UNITED STATES of America, Plaintiff-Appellee,

v.

Alvin BAKER, Defendant-Appellant.

No. 78–3719.

United States Court of Appeals, Ninth Circuit.

Aug. 27, 1979.

Katrina C. Pflaumer, Asst. Federal Public Defender, Seattle, Wash., for defendant-appellant.

James C. Waldo, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before HUFSTEDLER and ANDERSON, Circuit Judges, and GRANT,* District Judge.

PER CURIAM:

The dispositive issue on this appeal is whether there existed a gap in the federal penal law that permitted the Government to prosecute Baker for a disturbance in a veterans' hospital under a Washington statute (Rev.Code Wash. § 9A.76.020) through the Assimilative Crimes Act (18 U.S.C. §§ 7, 13). We hold that there was no gap to fill, and accordingly, we reverse the conviction.

The case arose out of a disturbance in the Veterans Administration Hospital in Seattle, Washington, on June 27, 1978. Peck and McCaddon, who were employed as special police officers by the hospital, were called to the admissions lobby to quiet one Broussard, who was using loud, offensive and obscene language. As the officers began to talk to Broussard, Baker appeared, stepped between the officers and Broussard and told them not to "hassle" him. McCaddon took Baker's arm and asked him to step aside. Baker pulled back from the officers, raised a clenched fist, and told the officers not to touch him in a voice that was "forceful," "violent," and "threatening." The officers thereupon placed Baker under arrest.

Congress delegated to the Administrator of the Veterans Administration, "[f]or the purpose of maintaining law and order and of protecting persons and property . . in buildings under the jurisdiction of the Veterans Administration," authority to "make all needful rules and regulations for the governing of the property under his charge and control, and annexed to such rules and regulations such reasonable penalties within the limits prescribed in subsection (b) of this section as will insure their enforcement." (38 U.S.C. § 218(a)(1).) Section 218(b) prescribes that a person who violates any rule or regulation issued under subsection (a)(1) "shall be fined not more than $50 or imprisoned not more than 30 days or both."

Pursuant to his statutory authority, the Administrator has promulgated a series of regulations, including 38 C.F.R. § 1.218(e), which provides in pertinent part:

"*Disturbances.* Conduct on property which creates loud or unusual noise; which unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, . . . ; which otherwise impedes or disrupts the performance of official duties by Government employees; which prevents one from obtaining medical or other services provided on the property in a timely manner; or the use of loud, abusive, or otherwise improper language; . . . is prohibited."

Section 9A.76.020 of the Revised Code of Washington provides that "[e]very person who . . . shall knowingly hinder, delay or obstruct any public servant in the discharge of his official powers or duties, shall be guilty of a misdemeanor."

The precise acts with which Baker was charged were expressly covered and made penal by Section 1.218(e). The Government contends that resort to the Assimilative Crimes Act is appropriate because the state statute expressly requires that the offense should be committed "knowingly," and the knowledge element is omitted in Section 1.218(e). If *scienter* were implied in construing Section 1.218(e), the regulation and the Washington statute penalizing these acts would be the same.[1] Even if *scienter* were not implied, however, we can find no gap for the Assimilative Crimes Act to fill. Congress has delegated to the Administrator authority to promulgate regulations, with penal consequences, covering the very kinds of petty disturbances in the hospital with which Baker was charged. The Assimilative Crimes Act was not intended "to enlarge or otherwise amend definitions of crimes already contained in the Federal

---

* Honorable Robert A. Grant, Senior United States District Judge, District of Indiana, sitting by designation.

1. *Compare United States v. Feola,* 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975) *with Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952). We need not and do not resolve that issue on this appeal.

Code." (*Williams v. United States*, 327 U.S. 711, 723, 66 S.Ct. 778, 784, 90 L.Ed. 962 (1946) (no gap for Arizona statutory rape law to fill where federal law penalized the very acts charged under state law, although federal law had additional elements of the offense).) We paraphrase *Williams*: When "the precise acts upon which the conviction depends have been made penal by the laws of Congress [38 U.S.C. § 218 and 38 C.F.R. § 1.218(e)] . . . and . . . the offense known to [Washington] . . . has been defined and prohibited by [38 C.F.R. § 1.218] [it] is not to be redefined and enlarged by application to it of the Assimilative Crimes Act." (*Id.* at 717, 66 S.Ct. at 781.)

The judgment is reversed with directions to dismiss the information.