UNITED STATES of America

v.

Richard L. PYATT.

Crim. No. 89–00370–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Dec. 1, 1989.

Robin Duncan, 3rd Year Law Student, Reginald Tom, SAUSA, Henry E. Hudson, U.S. Atty., Alexandria, Va., for U.S.

Richard L. Pyatt, Alexandria, Va., pro se.

## ORDER

ELLIS, District Judge.

This is an appeal pursuant to Rule 7(b) of the Rules of Procedure for the Trial of Misdemeanors before United States Magistrates. Appellant, Richard L. Pyatt, pled guilty to a charge of using a forged parking permit in violation of 41 CFR § 101–20.312(c). Following the plea, the Magistrate sentenced appellant to pay a fine of $1,000 and a special assessment of $5. This appeal followed.

The pertinent facts may be simply stated. Appellant, a Major on active duty in the United States Air Force, forged a parking permit in order to obtain parking space at the Pentagon. The forged permit was discovered and the appellant was charged with a violation of 41 C.F.R. § 101–20.312(c). At trial before the Magistrate, appellant pled guilty. The Magistrate, considering all of the circumstances involved, elected to impose a fine of $1,000, an amount well in excess of the $50 fine provided for in the applicable regulation. Thereafter, appellant filed timely notice of appeal solely as to the sentence imposed. As grounds for the appeal, he stated: "I believe that the fine was too harsh, I received maximum punishment for a first time, one-time offense."

The threshold question presented is whether the Magistrate had the power to impose a fine in excess of that provided for in the applicable regulation. If the Magistrate had such power, the next question presented is whether this power was properly exercised. For the reasons stated here, the Court concludes that both questions must be answered in the affirmative—the Magistrate had the power to impose a fine in excess of the $50 provided for in the regulation, but not to exceed $5,000. Moreover, it is plain from the record that there is no basis for disturbing the Magistrate's exercise of sentencing discretion.

The existence of power to impose a fine in excess of the $50 regulatory maximum is plain from a review of the statutory framework. Under 41 C.F.R. § 101–20.315 a person who violates any rule or any regulation in subpart 101–20.3, including Section 101–20.312(c), is "subject to a fine of not more than $50." But this does not end the matter. Section 101–20.315 also provides that "nothing in these rules and regulations shall be construed to abrogate any other Federal laws." And there are, as it appears, other "Federal laws." Thus, the relevant portion of 18 U.S.C. § 3551(a) states that "except as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute ... shall be sentenced in accordance with the provisions of this chapter."[1] Given this, it follows that the provisions of 18 U.S.C. § 3571(b) pertaining to fines in general applies to violations of 41 C.F.R. § 101–20.312(c).

The pertinent provisions of 18 U.S.C. § 3571(b) state as follows:

**§ 3571 Sentence of fine**

**(b) Fines for individuals.**—Except as provided in subsection (e) of this section, an individual who has been found guilty

---

1. Properly enabled regulations like those in Part 41 of the Code of Federal Regulations, qualify as Congressional enactments. *See United States v. Baker,* 603 F.2d 104 (9th Cir.1979); *United States v. Knott,* 722 F.Supp. 1365 (E.D.Va.1989); *United States v. Adams,* 502 F.Supp. 21, 24 (S.D. Fla.1980); *see also United States v. Mariea,* 795 F.2d 1094 (1st Cir.1986) (phrase "any enactment of Congress" in the Assimilative Crimes Act refers to penal enactments of general applicability); *United States v. Brotzman,* 708 F.Supp. 713 (D.Md.1989); *compare United States v. Debevoise,* 799 F.2d 1401 (9th Cir.1986) (Uniform Code of Military Justice Article is not within the scope of the phrase "any enactment of Congress" as used in the Assimilative Crimes Act).

of an offense may be fined not more than the greatest of—

    (1) the amount specified in the law setting forth the offense; ...

    (7) for an infraction, not more than $5,000.

Because the violation at bar does not authorize imprisonment, it is classified as an infraction under 18 U.S.C. § 3559(a)(9). Accordingly, Section 3571(b)(7) controls sentencing for appellant's offense and authorizes a maximum fine of $5,000. And there is no question that the fine limit in Section 3571(b)(7) trumps the $50 fine limit in the regulation; Section 3571(e) explicitly provides that a lower fine limit in the law creating the offense overrides the higher Section 3571 limit only if the law creating the offense explicitly excludes application of Section 3571.[2] As the $1,000 fine imposed is below the maximum $5,000 fine authorized in Section 3571(b)(7), it is plain that the Magistrate's sentence was not *ultra vires;* he had the power to impose a fine up to $5,000.

██ As clear as it is that the Magistrate acted within his sentencing powers in this case, it is equally clear that he did not abuse his discretion in imposing the $1,000 fine. Review of a sentence imposed under Section 3551 is governed by 18 U.S.C. § 3742. *See* 18 U.S.C. § 3557. Moreover, Section 3742(g) explicitly provides that the standard of review there prescribed applies to appeals from sentences imposed by United States Magistrates. This standard of review, in case of an infraction, is that a Court must affirm the sentence unless it finds that the sentence was either "imposed in violation of law" or was "plainly unreasonable." 18 U.S.C. § 3742(e). The Court has already established that the $1,000 fine was not "in violation of law." The remaining question, then, is whether this fine was "plainly unreasonable" in the circumstances. In making this determination, the reviewing court is required to give "due regard to the opportunity of the district court [or Magistrate] to judge the credibility of witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous." *Id.* It is also settled law in this Circuit that reviewing courts will not invalidate sentences falling within statutory limits except in extreme circumstances. As the Fourth Circuit put it, a sentence within statutory limits "will not be disturbed unless the trial judge has grossly abused the discretion afforded him." *Dorszynski v. United States,* 418 U.S. 424, 441, 94 S.Ct. 3042, 3051–52, 41 L.Ed.2d 855 (1974) (sentences imposed within statutory range are not subject to challenge); *United States v. Neal,* 805 F.2d 393, (4th Cir.1986) (unpublished opinion) ("sentences imposed within the statutory limits are generally not required on appeal") (quoting *United States v. Schocket,* 753 F.2d 336, 341 (4th Cir. 1985)); *United States v. Hodge,* 394 F.2d 122 (4th Cir.1968); *United States v. Pruitt,* 341 F.2d 700, 703 (4th Cir.1965). At the same time, however, reviewing courts must nonetheless review the record to ensure that there has been a conscious and responsible exercise of discretion. *See United States v. Wilson,* 450 F.2d 495, 498 (4th Circuit 1971) ("while a sentence fixed in the exercise of discretion within statutory limits is unassailable on appeal, the appellate court may scrutinize a sentence to ascertain whether there has indeed been an exercise of discretion.").

Given these principles, the Court is persuaded there is no sound basis for granting this appeal. It is plain beyond dispute that the $1,000 fine was neither violative of the law, nor plainly unreasonable. On the contrary, it appears that the Magistrate appropriately exercised his discretion in sentencing by considering that the offense involved forgery, that the appellant admitted making the forgery and using it and that the appellant is in a position of great trust and responsibility as a commissioned offi-

---

**2.** In pertinent part, 18 U.S.C. § 3571(e) provides as follows:

    **(e) Special rule for lower fine specified in substantive provision.**—[i]f a law setting forth an offense specifies ... a fine that is lower than the fine otherwise applicable under this section and such law, by specific reference, exempts the offense from the applicability of the fine otherwise applicable under this section, the defendant may not be fined more than the amount specified in the law setting forth the offense.

cer in the United States Air Force. These factors all point persuasively in the direction of a substantial fine. It is not that appellant is held to a higher standard of conduct by virtue of his status; all persons regardless of status, are prohibited from creating and using forged parking permits and all persons who violate this regulation merit conviction. But while status does not affect the standard of conduct required by law, it may well be relevant to determining an appropriate punishment. Put another way, the standard of conduct is independent of status, but status may play a roll in determining the consequences of failing to meet the standard. It is not unreasonable, for example, for the consequences of violating the regulation to differ depending upon whether the violator is a field grade commissioned officer or an eighteen year old civilian employee at the Pentagon. Special trust and confidence is reposed in the former and this is a factor the Magistrate could reasonably take into account together with the nature of the offense.

At oral argument, appellant expressed his regret and contrition over the event, but argued that a lower fine and community service would be a more appropriate sentence. The Court accepts appellant's statement of contrition as sincere. His suggestion that a more appropriate sentence would have combined community service with a lower fine may have merit. Indeed, had this Court had the sentencing responsibility, it might well have been persuaded to impose such a sentence. But, this Court does not sit to decide the best sentence for appellant; rather it sits as a reviewing court with its responsibility limited to determining whether the Magistrate's sentence was "imposed in violation of law" or was "plainly unreasonable." It was neither.

For the reasons stated, therefore, the Magistrate's sentencing decision is AFFIRMED and the appeal is DENIED.