**Joseph BURGOS**

v.

**UNITED STATES of America.**

**No. 97 C 2916 (91 CR 367).**

United States District Court,
N.D. Illinois,
Eastern Division.

June 26, 1997.

---

382

Stephen L. Heinze, Jonathan D. King, Matthew Robert Bettenhausen, U.S. Atty's Office, Chicago, IL, for U.S.

Joseph Burgos, Pekin, IL, pro se.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

On February 20, 1992, a jury convicted Joseph Burgos ("Burgos") of distributing nearly two kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 1) and of using a communication facility to further the distribution of cocaine in violation of 21 U.S.C. § 843(b) (Count II). Prior to trial, the government filed a notice pursuant to 21 U.S.C. § 851, informing Burgos he faced enhanced statutory penalties because he had two prior drug convictions. On September 2, 1993, Judge Moran sentenced Burgos to concurrent terms of 360 months and fined him $100,000 on each count.[1] Burgos unsuccessfully appealed the denial of his motion for a new trial. *United States v. Burgos*, 36 F.3d 1099 (7th Cir.1994). On April 21, 1997, Burgos filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

---

1. On April 23, 1997, the case was reassigned to

## DISCUSSION

### I. PROCEDURAL REQUIREMENTS

■ "[R]elief under 28 U.S.C. § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir.1994) (internal citations and quotations omitted). A petitioner is barred from raising constitutional issues in a section 2255 proceeding that could have been raised earlier unless he or she can show good cause and prejudice. *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir.1988). Non-constitutional errors that could have been raised on appeal are barred in a section 2255 proceeding, regardless of cause and prejudice. *Id.* Thus, absent a lack of jurisdiction or fundamental miscarriage of justice, "arguments based on the Sentencing Guidelines must be raised on direct appeal or not at all." *Martin v. United States*, 109 F.3d 1177, 1178 (7th Cir.1996) (citing *Scott v. United States*, 997 F.2d 340 (7th Cir.1993)).

### II. INEFFECTIVE ASSISTANCE OF COUNSEL (1992 CONVICTION)

■ First, Burgos claims his lawyer was ineffective for not arguing that the sentence enhancement provision in 21 U.S.C. § 851(a)(2) is ambiguous and for not challenging the fine imposed by the court. Burgos had the same attorney on his appeal as he did at trial. Thus, the court can reach the merits of Burgos' ineffectiveness claim, even though it was not raised on direct appeal. *Barker v. United States*, 7 F.3d 629, 632 (7th Cir.1993).

In order to prove ineffective assistance of counsel, Burgos must show counsel's conduct was objectively unreasonable and there exists a reasonable probability that, but for his lawyer's alleged errors, the results would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). With respect to the sentence enhancement, the relevant statute provides,

this court pursuant to Local General Rule 2.30.

An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

21 U.S.C. § 851(a)(2). Burgos asserts his lawyer should have argued that the statute is ambiguous as to whether the phrase "offense for which such increased punishment may be imposed" refers to the prior or current offense. Burgos argues that this ambiguity must be read in his favor and that his 1983 state drug conviction was not obtained through indictment or waiver of indictment. Burgos concludes that if his attorney had raised this issue, he would not have received an enhanced sentence.

■■■ Burgos' lawyer did not act unreasonably in not challenging the ambiguity of 21 U.S.C. § 851(a)(2). The Seventh Circuit has unequivocally held that section 851(a)(2) refers to the current drug offense, not the prior conviction. *United States v. Burrell,* 963 F.2d 976, 992 (7th Cir.1992). In fact, the Seventh Circuit has described Burgos' position as ridiculous. *Id.* Moreover, even if the statute does refer to the prior offense, the government did not rely on Burgos' 1983 state conviction; the government relied on Burgos' 1983 *federal* conviction, which was prosecuted by indictment. Ex. 2, 7. Burgos' attorney did not act unreasonably in failing to raise this frivolous issue. *United States v. Evans,* 92 F.3d 540, 544 (7th Cir.) (counsel's refusal to make frivolous argument "can never be a ground for arguing ineffective assistance of counsel"), *cert. denied,* —— U.S. ——, 117 S.Ct. 537, 136 L.Ed.2d 422 (1996).

■■■ With respect to the fine, Burgos notes that the law requires a court to consider a defendant's financial resources when imposing a fine. 18 U.S.C. § 3572(a)(1); U.S.S.G. § 5E1.2(d)(2). Burgos claims his lawyer was ineffective in failing to argue Burgos' inability to pay the fine. However, several courts of appeal have noted that a defendant cannot challenge a fine pursuant to section 2255, even when claiming ineffective assistance of counsel. *Smullen v. United States,* 94 F.3d

20, 25–26 (1st Cir.1996) (citing *United States v. Segler,* 37 F.3d 1131, 1137 (5th Cir.1994); *United States v. Watroba,* 56 F.3d 28, 29 (6th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 269, 133 L.Ed.2d 191 (1995)). Thus, Burgos claim is procedurally barred. Moreover, the pre-sentence report described Burgos' access to several pieces of real estate and automobiles. Def. Ex. E, F. Thus, Burgos has not provided reliable evidence that the court failed to consider Burgos' ability to pay.

## III. ALLEGED SENTENCING ERRORS

■■■ Burgos argues that the court imposed a fine in excess of its statutory authority. For the reason explained above, this argument is procedurally barred. *Smullen v. United States,* 94 F.3d at 25–26. Moreover, the claim lacks merit. Even though 21 U.S.C. § 843(c) permits a fine of not more than $60,000 for violating 21 U.S.C. § 843(b), all federal offenses are governed by the alternative fine provision in 18 U.S.C. § 3571(b)(3), which permits a maximum fine of $250,000 in this type of case. Because 21 U.S.C. § 843(c) does not purport to override the alternative fine provision, the alternative provision provides the relevant maximum fine. 18 U.S.C. § 3571(e); *see, e.g., United States v. Pyatt,* 725 F.Supp. 885, 887 (E.D.Va.1989). Thus, the court did not err by imposing a $100,000 fine for violating 21 U.S.C. § 843(b).

■■■ Next, Burgos asserts the court erred in sentencing him. The government agrees with Burgos that the maximum penalty for violations of 21 U.S.C. § 843(b) is eight years and that the court exceeded its statutory authority by imposing a 360 month concurrent sentence. Nonetheless, this issue was not raised on direct appeal, and the Seventh Circuit has held that challenges to sentencing errors must be raised on direct appeal or not at all. *Martin,* 109 F.3d at 1178. Burgos' claim is not saved by asserting ineffective assistance of counsel. In order to show prejudice from his lawyer's error, Burgos must show his counsel's deficient performance led to a significant increase in his sentence. *Id.* (citing *Durrive v. United States,* 4 F.3d 548 (7th Cir.1993)). Here, Burgos will serve 360 months on Count I, so

a reduction of the 360 month concurrent sentence imposed on Count II will not "significantly" affect his term of imprisonment. While the court notes that the Seventh Circuit's holding in this regard is questionable, *see, Martin,* 109 F.3d at 1178–85 (Rovner, J.) (dissenting from denial of rehearing en banc), it is currently binding precedent in this circuit.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL (1983 CONVICTION)

 Burgos contends the 1983 federal conviction that served as a basis for his enhanced sentence was unconstitutional. Burgos again raises ineffective assistance of counsel to support his claim. However, Burgos' claim is both procedurally barred and without merit. Burgos cannot challenge the validity of a conviction that was more than five years old when it was alleged in an information. 21 U.S.C. § 851(e); *United States v. Arango–Montoya,* 61 F.3d 1331, 1336–38 (7th Cir.1995); *United States v. Velasco,* 847 F.Supp. 580, 582 (N.D.Ill.1994). Here, the government filed its information in 1991 alleging Burgos' 1983 federal conviction. Thus, Burgos is barred from challenging the validity of this conviction by the applicable statute of limitations. *Id.* Moreover, Burgos pled guilty to the 1983 charges, so "nonjurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked." *Borre v. United States,* 940 F.2d 215, 217 (7th Cir.1991) (quoting *United States v. Brown,* 870 F.2d 1354, 1358 (7th Cir.1989)). Burgos has not provided a jurisdictional challenge to his conviction, nor has he attacked the voluntary nature of the plea.

 In addition, Burgos' claim is without merit. Burgos pled guilty to conspiracy to possess ingredients to manufacture phencyclidine. Burgos claims his attorney should have told him he had a valid withdrawal defense to the charge. However, Burgos was also indicted for the substantive offense of possessing piperidine in violation of 21 U.S.C. § 841. Withdrawal would not have been a defense to this charge. *See, e.g., United States v. Read,* 658 F.2d 1225, 1240 (7th Cir.1981). Moreover, it is doubtful whether a withdrawal defense would have succeeded on the conspiracy charge. *See, e.g., United States v. Townsend,* 924 F.2d 1385, 1399 (7th Cir.1991). Thus, Burgos' attorney's conduct was not unreasonable.

## CONCLUSION

Joseph Burgos' motion to vacate and correct sentence is denied.