12-94-cr
*United States v. Fleishman*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of January, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
        PETER W. HALL,
                *Circuit Judges*,
        RICHARD W. GOLDBERG,
                *Judge.*\*

---

UNITED STATES OF AMERICA,

        *Appellee*,

    v.                    12-94-cr

BOB NGUYEN, DON CHING TRANG CHU,
AKA DON CHU, MANOSHA KARUNATILAKA,
MARK ANTHONY LONGORIA, AKA TONY LONGORIA,
AKA TONY L., WALTER SHIMOON, AKA Walter S,

        *Defendants*,

JAMES FLEISHMAN,

        *Defendant-Appellant.*

---

\*Judge Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

FOR APPELLANT:     BENJAMIN L. COLEMAN (Ethan A. Balogh, *on the brief*), Coleman and Balogh LLP, San Diego, CA.

FOR APPELLEE:     BRENT S. WIBLE, Assistant United States Attorney (Antonia M. Apps, Michael Gerber, Assistant United States Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York NY.

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the December 27, 2011 judgment of conviction entered in the United States District Court for the Southern District of New York (Rakoff, *J.*) is **AFFIRMED**.

Defendant-Appellant James Fleishman ("Fleishman") was convicted by a guilty verdict on September 20, 2011 for conspiracy to commit securities fraud in violation of 18 U.S.C. § 371 and conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.  We assume the parties' familiarity with the facts, the procedural history of the case, and the issues on appeal.

Fleishman argues that the district court impermissibly chilled his right to testify in violation of the Sixth

2

Amendment by ordering him to produce "[a]ny and all appointment books, calendars, and diaries from 2006 through 2010" in violation of the Fifth Amendment. "[W]hen a defendant takes the stand in his defense, he surrenders his Fifth Amendment privilege for proper cross-examination . . . ." *United States v. Spinelli*, 551 F.3d 159, 167 (2d Cir. 2008). Given that Fleishman would have offered "testimony that would constitute a denial both of there being any conspiratorial agreements and of his having any intent to violate the law," we cannot conclude that Fleishman's constitutional rights were violated by requiring him to turn over what context suggests are business records for the years of his employment. (Tr. 1739.) "Calling such papers 'diaries' gives them no special sanctity." *In re Horowitz*, 482 F.2d 72, 86 n.17 (2d Cir. 1973).

Next, Fleishman argues that the district court erred in failing to instruct the jury that they could not use the guilty pleas of cooperating witnesses as substantive evidence to infer guilt. We review this claim only for plain error because Fleishman failed to object to the omission of his proposed language. *See United States v. Crowley*, 318 F.3d 401, 414 (2d Cir. 2003). Though Fleishman

3

correctly observes that this failure was a clear error after our decision in *United States v. Ramirez*, 973 F.2d 102, 104- 06 (2d Cir. 1992), he has not persuasively shown that this error affected the outcome of the trial and the integrity of our judicial system. *See United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010). Considering the strength of the government's case and that the government never suggested that guilt could be inferred from the guilty pleas, Fleishman was not prejudiced. *See United States v. Hurtado*, 47 F.3d 577 (2d Cir. 1995); *United States v. Rothman*, 462 F.2d 488 (2d Cir. 1972); *United States v. DeLaMotte*, 434 F.2d 289 (2d Cir. 1970).

Relying on *United States v. Biaggi*, 909 F.2d 662 (2d Cir. 1990), Fleishman also argues that the district court erred under Federal Rule of Evidence 403 by excluding his rejection of a "plea deal" as consciousness of his innocence. *Biaggi* noted that a "plea rejection might simply mean that the defendant prefers to take his chances on an acquittal by a jury, rather than accept with certainty punishment associated with a guilty plea." *Id*. at 691. While we note some similarities between *Biaggi* and the record before us, Fleishman did not convince us that the

4

relevance of the rejected plea deal was improperly discounted by the court below.  For that reason, we cannot say that the district court abused its discretion.  *See United States v. Khalil*, 214 F.3d 111, 112 (2d Cir. 2000).

Fleishman also contends that the district court erred in denying his motion for a new trial because the government's closing arguments constituted an unconstitutional and prejudicial variance in respect to the venue of the conspiracies.  Fleishman must prove that he was prejudiced to sustain his claim.  *See United States v. Kaplan*, 490 F.3d 110, 129 (2d Cir. 2007).  A "variance is immaterial-and hence not prejudicial-where the allegation and proof substantially correspond, where the variance is not of a character that could have misled the defendant at the trial, and where the variance is not such as to deprive the accused of his right to be protected against another prosecution for the same offense." *United States v. LaSpina*, 299 F.3d 165, 183 (2d Cir. 2002)(internal quotation marks omitted).  "[W]e have routinely found that no prejudice results from a variance between overt acts charged in the indictment and those proved at trial." *Kaplan*, 490 F.3d at 129 (citing *United States v. Salmonese*, 352 F.3d

5

608, 622 (2d Cir.2003); *LaSpina*, 299 F.3d at 182-83; *United States v. Frank*, 156 F.3d 332, 337 (2d Cir. 1998)). We have also noted that the government is "not restricted to the overt acts charged in the indictment in justifying its choice" of venue. *United States v. Schwartz*, 535 F.2d 160, 165 (2d Cir. 1976). Here, trial evidence supported the venue arguments that the government articulated for the first time in its closing and rebuttal and, though these facts were not set out in the indictment, they were consistent with the core of criminality to be proven at trial. *See United States v. Heimann*, 705 F.2d 662, 665-70 (2d Cir. 1983). Fleishman should have anticipated the use of these proofs in establishing venue. *See id.*

Finally, the district court did not err in authorizing the wiretaps. *See United States v. Yannotti*, 541 F.3d 112, 124 (2d Cir. 2008). The law from this Circuit does not support Fleishman's constitutional arguments as they relate to "trunk lines," and the Fourth Circuit case on which he relies does not stand for the robust proposition he asserts. *See Abraham v. County of Greenville*, 237 F.3d 386 (4th Cir. 2001).

We have considered Appellant's remaining arguments and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the judgment of conviction is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7