Dwayne BOWMAN, Plaintiff,

v.

William S. HAYNES, Warden Huttonsville Correctional Center; Jim Rubenstein, Commissioner, West Virginia Department of Corrections, in their official and individual capacities; Pat Graham, Counselor; Albert Fordyce, Counselor, in their individual capacities, Defendants.

No. CIV.A. 2:02 CV 36.

United States District Court,
N.D. West Virginia.

June 25, 2003.

Roger Forman, Forman & Huber, L.C., Charleston, WV, for Plaintiff.

Jeffrey K. Phillips, Steptoe & Johnson, Charleston, WV, for Defendants.

## *ORDER*

MAXWELL, District Judge.

Plaintiff, a state prisoner proceeding *pro se* in the above-styled civil rights action, seeks to pursue his remedies in this Court pursuant to 42 U.S.C.1983.[1] It will be recalled that on February 6, 2003, Defendants filed a Motion for Summary Judgment. However, by joint, agreed Order submitted to the Court, and entered by the

---

1. Plaintiff alleges that Defendants failed to provide reasonable safety for the plaintiff in violation of the Eighth Amendment of the United states Constitution. Plaintiff also alleged the tort of negligence.

Court on March 3, 2003, Defendants West Virginia Division of Corrections, William Haynes and Jim Rubenstein were dismissed with prejudice from the above-styled case. Also, the March 3, 2003, Order dismissed the negligence claim against all defendants. Thus, left pending before the Court on Defendants' Motion for Summary Judgement are the claims against Defendants Pat Graham and Albert Fordyce, in their individual capacities, for alleged violations of Plaintiff's Eight Amendment rights. Plaintiff filed a Response to Defendants' Motion for Summary Judgment on February 25, 2003. On March 4, 2003, Defendants filed a reply. Discovery having been completed and the issue fully briefed, the Court finds that Defendants' Motion for Summary Judgment is now ripe for consideration.

From the text of Rule 56(c) of the Federal Rules of Civil Procedure, it is clear that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Motions for summary judgment impose a difficult standard on the movant; for, it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. Federal Deposit Ins. Corp.*, 906 F.2d 972, 974 (4th Cir.1990).

However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To withstand such a motion, the nonmoving party must offer evidence from which "a fair-minded jury could return a verdict for the [party]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather than encourage mere speculation. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985). It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

 Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion in § 1997e(a) cases is now mandatory. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). While the phrase "with respect to prison conditions" is not defined in 42 U.S.C. § 1997e, the Supreme Court has recently determined that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).[2] Moreover, exhaustion is even required when the relief the prisoner seeks, such as monetary dam-

---

**2.** In *Porter,* an inmate sued the correctional officers who had severely beaten him. The inmate alleged that the "correctional officers placed him against a wall and struck him with their hands, kneed him in the back, [and] pulled his hair." *Porter,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12.

ages, is not available. *Booth*, 532 U.S. at 741, 121 S.Ct. 1819. Additionally, district courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant. *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.1998). The PLRA requires the complaint to be dismissed until the record demonstrates on its face that the prisoner has exhausted his administrative remedies. *Brown*, 42 U.S.C. § 1997e(a). The actions of the defendants regarding alleged failure to protect clearly constitute actions "with respect to prison conditions" within the meaning of the PLRA and the requirement of exhaustion of administrative remedies applies to those actions and the alleged effects of those actions.

The West Virginia Department of Corrections has established a three level grievance process for prisoners to grieve their complaints in an attempt to resolve the prisoners' issues. The first level involves filing a G–1 Grievance Form with the Unit Supervisor or appropriate Staff Supervisor. If the inmate receives no response or is unsatisfied with the response received at Level One, the inmate may proceed to Level Two by filing a G–2 Grievance Form with the warden/administrator. Finally, the inmate may appeal the Level 2 decision to the Commissioner of the Division of Corrections.

Bowman has offered no evidence that he pursued his complaints through all three steps of the grievance process, and it is therefore an undisputed fact that he did not. Consequently, there is no genuine issue as to any material fact and the Defendants are entitled to summary judgment as a matter of law for Plaintiff's failure to exhaust administrative remedies.

Accordingly, it is

**ORDERED** that the Defendants' Motion for Summary Judgment be, and the same hereby is, **GRANTED**. It is further

**ORDERED** that the Plaintiff's complaint be, and the same hereby is, **DIS-** MISSED WITHOUT PREJUDICE for failure to exhaust his administrative remedies and the Clerk shall enter judgment for the Defendants. It is further

**ORDERED** that the above-styled civil action be, and the same hereby is, **STRICKEN** from the docket of this Court. It is further

**ORDERED** that, if Plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within **thirty (30)** days from the date of the entry of the Judgment Order, pursuant to Rule 4, Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $100.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, Plaintiff may, in accordance with the provisions of Rule 24(e), Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to send a certified copy of this Order to all counsel of record.