# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

THEODORE THOMAS WAGNER,
  *Defendant-Appellant.*

No. 03-4409

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-02-181)

Submitted: December 31, 2003

Decided: February 23, 2004

Before LUTTIG and MOTZ, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Andrew J. Savage, SAVAGE & SAVAGE, P.A., Charleston, South
Carolina, for Appellant. Michael Rhett DeHart, Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Pursuant to a plea agreement, Theodore Thomas Wagner pled guilty to one count of production of child pornography, in violation of 18 U.S.C. § 2251(a) (2000), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2000). The district court denied his motion to withdraw his guilty plea and sentenced Wagner to 151 months in prison. Wagner's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal. However, he raises the issues of whether Wagner's guilty plea was knowing and voluntary and whether the district court abused its discretion by denying Wagner's motion to withdraw his guilty plea. Wagner filed a pro se supplemental brief reiterating the claims raised by counsel and asserting claims of ineffective assistance of counsel and prosecutorial misconduct. Finding no reversible error, we affirm.

The district court complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Wagner's guilty plea and we conclude that nothing in the record calls into question the voluntariness of Wagner's plea. Nevertheless, Wagner claims that his guilty plea was not knowing and voluntary because the record does not show he knew that, by unconditionally pleading guilty, he was giving up his ability to challenge the legality of the search of his residence.

A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). A defendant must know the direct consequences of his guilty plea in order for it to be knowing and voluntary. *Brady v. United States*, 397 U.S. 742, 755 (1970); *Cuthrell v. Director, Patuxent Inst.*, 475 F.2d 1364, 1365 (4th Cir. 1973). However, "Rule 11 does not require a district court to inform a defendant that, by pleading guilty, [he] is waiving [his] right to appeal any antecedent rulings or constitutional violations." *United States v. Floyd*, 108 F.3d 202, 204 n.2 (9th Cir. 1997); *accord United States v. Bell*, 966 F.2d 914, 917 (5th Cir. 1992); *United States v. Fisher*, 772 F.2d 371, 375 (5th Cir. 1985). We conclude that Wagner's guilty plea was not rendered unknowing and involuntary merely because the district

court did not advise him about the possibility of entering a conditional guilty plea.

Wagner also contends that the district court erred in denying his motion to withdraw his guilty plea. This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Rather, a defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. *Id.*

Factors considered in determining whether a defendant has shown a fair and just reason for withdrawing his guilty plea include:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*Id.* Based on our review of the record, we uphold the district court's finding that these factors do not favor Wagner's position and conclude that the court did not err by denying his motion to withdraw his guilty plea.

Wagner also asserts several claims of ineffective assistance of counsel and a claim of prosecutorial misconduct. To the extent that he asserts prosecutorial misconduct, his claim is not supported by the record. Furthermore, we do not consider claims of ineffective assistance of counsel claims on direct appeal unless counsel's ineffectiveness conclusively appears on the face of the record. *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991). Because the record does not conclusively establish that counsel was ineffective, any such claims are more appropriately raised, if at all, in a 28 U.S.C. § 2255

(2000) motion. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Wagner's conviction and sentence. Wagner's pro se motion for reconsideration of his counseled Motion for Leave to File Attachments to the Brief of Appellant and his motion to expedite the appeal are denied. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*