**Theodore WAGNER, # 286910,**
**Plaintiff,**

**v.**

**UNITED STATES of America,**
**Defendant.**

**No. 3:06–2838–PMD.**

United States District Court,
D. South Carolina.

Jan. 16, 2007.

Theodore Wagner, Ridgeland, SC, Pro se.

## ORDER

DUFFY, District Judge.

This matter is before the court upon Plaintiff Theodore Wagner's ("Wagner" or "Plaintiff") objections to the Magistrate Judge's recommendation that Plaintiff's claim be summarily dismissed pursuant to 28 U.S.C. § 1915A for failing to set forth a claim upon which relief may be granted. The record contains a report and recommendation of the United States Magistrate Judge ("the R & R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A party may object, in writing, to a R & R within ten days after being served with a copy of that report. 28 U.S.C. 636(b)(1). Plaintiff has filed timely objections to the R & R.

## I. BACKGROUND

■ On April 9, 2002, Wagner was indicted for four counts of production of child pornography, and one count of possession of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(b). On August 14, 2002, Wagner pled guilty to one count of production of child pornography and one count of possession of child pornography pursuant to a written plea

agreement.[1] On April 16, 2003, against the advice of his counsel, Wagner informed the court in writing that he wished to withdraw his guilty plea. Wagner formally moved to withdraw his guilty plea in open court on April 21, 2003. After a thorough consideration of the factors set forth in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir.1991), the court denied his request.[2] The court then sentenced Wagner to a term of imprisonment of 151 months, and to a term of supervised release of three years to run concurrently on each count.

Wagner appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit. On February 23, 2004, the Fourth Circuit affirmed his conviction and sentence. *See United States v. Theodore Thomas Wagner*, 88 Fed.Appx. 593, 2004 WL 324705 (4th Cir. 2004).[3]

On February 8, 2005, Wagner filed a motion to vacate his sentence under 28 U.S.C. § 2255, claiming that he received ineffective assistance of counsel, as his counsel had a "change of loyalty" during the investigation and prosecution of his case ("Ground One"); that the prosecution team committed "misconduct and felonious acts" ("Ground Two"); that the Moore test

used to determine whether he could withdraw his plea is unconstitutional ("Ground Three"); and that the FBI deprived him of his due process rights by instructing state detectives to get a warrant using "known perjured statements" ("Ground Four"). Thereafter, the government filed a motion to dismiss Wagner's motion to vacate. On June 22, 2005, the district court granted the government's motion and dismissed Wagner's motion.

Wagner appealed the dismissal of his § 2255 motion to the Fourth Circuit. On October 31, 2005, the Fourth Circuit entered a judgment denying a certificate of appealability and dismissing Wagner's appeal. On February 13, 2006, the Fourth Circuit denied Wagner's petition for rehearing.

Wagner then attempted to petition for a writ of certiorari to the Supreme Court of the United States. Wagner alleges that the mail room clerks at the Ridgeland Correctional Institution ("RCI") failed to timely deliver necessary legal documents to him, causing him to file his petition one day out of time. Wagner claims that on May 11, 2006, in anticipation of being unable to timely file the petition for writ of certiorari, he had sent a "motion to file

---

**1.** Approximately two weeks later, Wagner pled guilty to two counts of criminal sexual conduct with a minor in state court, and was sentenced to a ten years in state prison to run concurrent with his federal sentence. The state and federal sentences are based on the same criminal conduct.

**2.** In *Moore*, the Fourth Circuit held that a defendant does not have an absolute right to withdraw a guilty plea, but instead, must demonstrate that a "fair and just reason" supports his request to withdraw his plea. 931 F.2d at 248. The factors that district court must consider in determining whether a defendant has shown a fair and just reason for withdrawing his plea include: (1) whether the defendant has offered credible evidence

that his plea was not knowing or voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entry of the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources. *Id.*

**3.** Wagner also filed several petitions for writ of certiorari to the United States Supreme Court. Each has been denied. *See, e.g., Wagner v. United States*, 543 U.S. 939, 125 S.Ct. 339, 160 L.Ed.2d 247 (2004); *Wagner v. United States*, 543 U.S. 1018, 125 S.Ct. 654, 160 L.Ed.2d 493 (2004).

past deadline" to the Supreme Court. The Clerk of the Supreme Court did not receive this motion. Accordingly, on May 23, 2006, the Clerk of the Supreme Court returned Wagner's petition to him, explaining that "[w]hen the time to file a petition for a writ of certiorari in a civil case (habeas action included) has expired, the Court no longer has the power to review the petition."

On June 22, 2006, Wagner sent his petition for writ of certiorari back to the Supreme Court, including an "affidavit of service" attesting to his having sent the motion to file past deadline on May 11, 2006. On July 3, 2006, the Clerk of the Supreme Court wrote to Wagner to inform him that his "application for an extension of time within which to file a petition for a writ of certiorari" had been denied.

Wagner now brings this untitled action against "the United States of America," alleging that due to the prison officers' failure to timely deliver his mail and to the Supreme Court's refusal to grant his application for an extension of time within to file his petition for a writ of certiorari, he has been denied his constitutionally protected right to due process under the Fifth Amendment and his right to "petition the government for a redress grievances" as provided by the First Amendment. Wagner seeks damages for these alleged violations of his constitutional rights.

The Magistrate Judge, interpreting this action as one for damages under 42 U.S.C. § 1983, recommended that the court dismiss the complaint without prejudice and without issuance and service of process (1) because the United States of America has not consented to be sued for the constitutional violations of federal and/or state officers, and (2) because, under the Prison Litigation Reform Act ("PLRA"), Wagner's claim that the employees in the prison mail room deprived him of access to the courts cannot be heard by a district court until Wagner has exhausted his available prison administrative remedies.

## STANDARD OF REVIEW

### A. The Magistrate Judge's R & R

■ The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court reviews *de novo* those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R & R, and Plaintiff's objections, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Accordingly, the R & R is adopted in full and specifically incorporated into this Order.

### B. 28 U.S.C. § 1915A—Failure to State a Claim

■ Dismissals under 28 U.S.C. § 1915A for failure to state a claim require the same standard of review as dismissals under Rule 12(b)(6). *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir.2002); *Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir.1999); *Davis v. District of Columbia*, 158 F.3d 1342, 1348 (D.C.Cir.1998). Under this well-known standard, the court should not dismiss a complaint for failure to state a claim unless "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the

plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 248 (4th Cir.2005); *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). "Moreover, when such a dismissal involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.'" *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir.1988).

## DISCUSSION

Wagner enumerates the following eight objections to the Magistrate Judge's R & R: (1) Wagner objects to being referred to as "Theodore *Thomas* Wagner;" he wants to be known only as "Theodore Wagner." (2) He objects to the classification of his claim as a claim for damages pursuant to 42 U.S.C. § 1983.(3) He claims that because he satisfied the Supreme Court Rule 13 requiring a petitioner to show "good cause" for the delay before a person can file past the deadline, the Supreme Court's failure to grant a writ of certiorari was unconstitutional. (4) He objects to the Magistrate Judge's finding that a claim under § 1983 is not an appropriate means of bringing a complaint against the judiciary. (5) He objects that the appeals process is a farce and a sham. (6) He objects that the Federal Tort Claims Act is unconstitutional. (7) He objects to the Magistrate Judge's reliance on the PLRA's requirement of exhaustion of administrative remedies, which he claims is unconstitutional. (8) Finally, Wagner objects that the PLRA's requirement that a prisoner pay a modest initial filing fee before case may proceed is unconstitutional. The court, interpreting these Objections so that

they are responsive to the conclusions in the R & R, addresses them as follows:

### A. The United States of America as a Defendant

Wagner objects to the R & R's finding that the United States of America is immune from suit. He asserts that he has "a grievance with the United States government/Supreme Court which has caused [him] monetary damages and demand [his] constitutional Freedom to present [his] grievance to a jury of my peers." (Objections at 2.)

Pursuant to well established principles of sovereign immunity, the Magistrate Judge correctly found that "the United States of America could not be sued without its express consent, and that express consent is a prerequisite to a suit against the United States." (R & R at 3, *citing United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983).) The Magistrate Judge noted that the United States has not consented to suit except under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, which made the United States liable for the negligent acts of its employees. In addition to the Federal Tort Claims Act, the United States has also consented to be sued directly for injunctive relief under the Administrative Procedures Act, 5 U.S.C. § 702, and for breach of contract and other monetary claims not arising in tort under the Tucker Act, 28 U.S.C. §§ 1346(a), 1491. As of now, only these three major statutes waive the United States' sovereign immunity and thus are a basis for relief directly against the United States. Under none of these statutes does the United States consent to be sued for damages where federal officers and/or state and local officers have violated an individual's constitutional rights. Accordingly, because Wagner's Complaint asserts that

both the "Judicial Branch/Supreme Court" and the officers at Ridgeland Correctional Institute violated his constitutional rights, he has failed to assert a cause of action to which the United States of America has consented to be sued.[4] Therefore, the Magistrate Judge correctly found that Wagner has not stated a viable claim against the named defendant, the United States of America.

## B. 42 U.S.C. § 1983

Wagner also objects to the classification of his claim as a claim for damages pursuant to 42 U.S.C. § 1983. He asserts that he "intentionally did not file a 1983 because it has to be brought against a person;" rather, his "grievance [is] that the U.S.A (The Judicial Branch/ Supreme Court)" violated his First Amendment right to petition the government. (Objections at 2.)

■■■■■ In this case, the Complaint asserts a civil action for damages for the alleged deprivation of Wagner's constitutional rights by "the Supreme Court" and by officials at the Ridgeland Correctional Institution ("RCI"). As discussed above, this cause of action fails because it is asserted against the United States of America, who is immune from suit.[5] However, because Wagner proceeds without the benefit of counsel, the Magistrate Judge is required to liberally construe this Complaint to state a cause of action. As such, although the Complaint neither expressly asserts a § 1983 claim, nor names the RCI

officers as defendants, the Magistrate Judge correctly construed the Complaint to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). Section 1983 provides an individual with a cause of action for damages against a person who, under color of state law, causes that individual to be deprived of his constitutional rights. 42 U.S.C. § 1983. Officers of RCI are persons acting under color of state law as meant by § 1983, and the Complaint asserted that these officers deprived Wagner of his constitutionally protected right of access to the courts. Therefore, under the facts as alleged by the Complaint, the Magistrate Judge correctly found that a cause of action existed, if at all, against the RCI officers under 42 U.S.C. § 1983.

■■■■■ The Magistrate Judge found that, to the extent this cause of action was one against the RCI officers under § 1983, it challenged the conditions of Wagner's confinement. Under the PLRA a prisoner is required to exhaust his administrative remedies before filing a § 1983 action concerning his confinement. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This provision is mandatory, and prisoners must exhaust all available remedies, even those where

4. The Supreme Court has recognized a cause of action for monetary damages against a federal officer who violates a plaintiff's constitutional rights. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Similarly, 42 U.S.C. § 1983 authorizes suits against state and local officers who have violated an individual's constitutional rights under color of state law. How-

ever, such causes of action are not allowed directly against the United States of America.

5. As a branch of the federal government, the Supreme Court is also immune from suit. As such, Wagner's claim that the "United States government/Supreme Court" violated his constitutional rights fails to state a viable cause of action.

the relief requested—monetary damages—cannot be granted administratively. *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Nicholas v. White*, 2006 WL 2583765, *2 (D.S.C. Sept. 7, 2006). Exhaustion is also now required in all suits challenging prison conditions, not just suits brought under § 1983. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). As such, Wagner was required by the PLRA to exhaust all "available" administrative remedies prior to bringing this suit in federal court. Therefore, the Magistrate Judge correctly found that Wagner's failure to exhaust the relevant prison grievance procedures barred this claim.

■ Wagner does not object to the Magistrate Judge's finding that he did not satisfied the PLRA's exhaustion requirements; rather, Wagner objects that the exhaustion requirement obstructs his "freedom to petition my government for redress" and is therefore unconstitutional. The Supreme Court, however, has repeatedly enforced and upheld the PLRA's exhaustion requirements. *Woodford v. Ngo*, —— U.S. ——, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); *Porter*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12; *Booth*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958. The court therefore finds that Wagner's contention that the PLRA is unconstitutional is without merit.

Having reviewed the entire record, including Plaintiff's objections, the court concludes that the R & R accurately summarizes the facts and law applicable to this matter, and correctly finds that Wagner's Complaint fails to state a cause of action upon which relief may be granted. Accordingly, the court adopts the Magistrate Judge's recommendation that this matter be dismissed without prejudice and without issuance and service of process.

## CONCLUSION

For the foregoing reasons, it is therefore **ORDERED** that, adopting in full the recommendations of the Magistrate Judge, this case is dismissed without prejudice and without issuance and service of process.

## AND IT IS SO ORDERED.

Report and Recommendation

McCROREY, United States Magistrate Judge.

This matter has been filed pursuant to 42 U.S.C. § 1983 against the United States of America (USA). Plaintiff is suing the USA claiming he has been denied his First Amendment right to "petition [his] government for redress of [his] grievances." He alleges that he filed a Section 2255 motion with the District Court and "then to" the Court of Appeals. He maintains he submitted evidence with his petition which showed that the USA committed felony acts in order to obtain his conviction, and that his court appointed counsel "aided in the endeavor". He alleges "both courts" refused to address his grievances. Plaintiff alleges he prepared a petition for writ of *certiorari* to the United States Supreme Court, but prison mail room personnel refused to make copies of his petition for him. As a result, plaintiff states he sought the help of his pastor who prepared a petition for the plaintiff and then sent the petition to the plaintiff. Plaintiff alleges mail room personnel waited three days to deliver the package to him, thereby causing him to miss his deadline. Plaintiff seeks damages.

■ Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Re-

form Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez,* 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 324–325, 109 S.Ct. 1827, 104 L.Ed.2d 338, (1989); *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Nasim v. Warden, Maryland House of Correction,* 64 F.3d 951, (4th Cir.1995)(*en banc* ), cert. denied, *Nasim v. Warden, Maryland House of Correction,* 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996); *Todd v. Baskerville,* 712 F.2d 70 (4th Cir.1983); and *Boyce v. Alizaduh,* 595 F.2d 948 (4th Cir.1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.), cert. denied, *Leeke v. Gordon,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); and *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of New York,* 529 F.2d 70, 74 (2nd Cir.1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services,* 901 F.2d 387, (4th Cir.1990).

As an initial matter, the United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). The United States has not consented to suit except under the Federal Tort Claims Act.

In addition, a judicial complaint is not the proper mechanism where the subject of the judicial complaint is, or can be, the subject of an appeal or of objections in a case. *See* 28 U.S.C. § 372(c)(3)(A), which authorizes the Chief Judge of a circuit to dismiss a judicial complaint where it is directly related to the merits of a decision or a procedural ruling. *See In Re Evans,* 801 F.2d 703, 705–708 (4th Cir.1986); and *In Re Sassower,* 20 F.3d 42 (2nd Cir.1994). *Cf. In Re Beard,* 811 F.2d 818, 826–827 (4th Cir.1987)(petition for a writ of mandamus not a substitute for an appeal); *In Re United Steelworkers of America,* 595 F.2d 958, 960 (4th Cir.1979); and *Queen v. Leeke,* 457 F.Supp. 476, 479 (D.S.C.1978). Since the plaintiff has utilized the appeals process, the plaintiff clearly understands his available judicial remedies.

Finally, the claim which plaintiff raises regarding the prison mail room, while appropriate for a Section 1983 action, cannot be heard by a District Court until the plaintiff has exhausted his prison administrative remedies. *See* 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act; *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.E.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action).

Plaintiff must fill out a Step 1 grievance form about the matters raised in his complaint and give the form to the Institutional Inmate Grievance Coordinator within 15 days of the alleged incidents. The Warden will respond to the grievance in writing no later than 40 days from the filing of the initial grievance. If the plaintiff is not satisfied with the Warden's response, the plaintiff may file an appeal of his Step 1 grievance by filing a Form 10–5a, Step 2 grievance, with the Inmate Grievance Coordinator within five (5) days of the receipt of the response from the Warden. A responsible official will have 60 days to respond to the Step 2 grievance. If after Step 2, the prisoner is still not satisfied with the "Step 2" resolution of the matter, the prisoner may appeal to the District Court. *See Woodford v. Ngo,* —— U.S. ——, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006)(inmate cannot satisfy § 1997e(a) exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal but rather must 'properly' exhaust administrative remedies).[1]

### RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra;*

---

1. It is not necessary to file an appeal with the state Administrative Law Judge Division for matters pertaining to a prisoner's *conditions of confinement. See Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir.)("Exhaustion under § 1997e(a) is administrative only; a prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court ...."), *cert. denied,* 537 U.S. 949, 123 S.Ct. 414, 154 L.Ed.2d 293 (2002). *See also Spruill v. Gillis,* 372 F.3d 218 (3d Cir.2004); *Wyatt v. Terhune,* 315 F.3d 1108 (9th Cir.2003); *Freeman v. Francis,* 196 F.3d 641 (6th Cir.1999); *Martinez v. Dr. Williams R.,* 186 F.Supp.2d 353 (S.D.N.Y.

*Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe,* 998 F.2d 201, 202–204 & n. * (4th Cir.1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir.1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra,* 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

Oct. 31, 2006.

---

2002); *Bowman v. Haynes,* 282 F.Supp.2d 488 (N.D.W.Va.2003); and *Charles v. Ozmint,* 2006 WL 1341267 (May 15, 2006). A prisoner must, however, refrain from filing suit in federal court until all time periods for both steps to be completed runs, even if SCDC fails to respond to an inmate's grievance at either the Step 1 or Step 2 levels. Once the full 105 day period has run without the issuance of a response or responses, it is generally held that the inmate has substantially complied with the § 1997(e) exhaustion requirement by exhausting "such administrative remedies as are available." 42 U.S.C. § 1997e(a).